ALFRED B. MORTON & *al. vs.* DAVID WHITE & *al.*
Executors.

When a deputy-sheriff attaches goods, he has the custody of them in his official character until the suit is determined, whether he continues in office or not, and is officially bound to deliver them to any officer who may seasonably demand them on the execution; and the sheriff is liable for his neglect or misdoings in relation thereto.

A demand of the property may be waived by the deputy, although out of office; and proof of such waiver will be equivalent to proof of a demand, in an action against the sheriff.

The vender, who has made a bill of sale of goods as security for certain liabilities wherein the terms, upon which the conveyance was made, were particularly stated, will not be permitted to testify to the contents of such bill of sale, when the paper could have been produced with due diligence.

EXCEPTIONS from the Court of Common Pleas, SMITH J. presiding.

The facts in the case, and the ruling of the Judge of the Court of Common Pleas, will appear sufficiently in the opinion of the Court. The exceptions were filed by the defendants.

*D. Williams,* for the defendants.

Where an officer attaches property on a writ, the execution must be given to him within thirty days after judgment, or to another officer who shall demand the property within the thirty days, or he will not be held. *Howard* v. *Smith,* 12 *Pick.* 202. The sheriff is not bound for any but the official acts, or admissions of his deputy; and therefore the deputy could not legally waive a demand of the property after he went out of office; and if he did, it would bind only himself, and not the sheriff. *Marshall* v. *Hosmer,* 4 *Mass. R.* 60; *Bond* v. *Ward,* 7 *Mass. R.* 123; *Blake* v. *Shaw,* *ib.* 505. It was a perfect defence, if the property did not belong to the debtor, when attached. *Fuller* v. *Holden,* 4 *Mass. R.* 498; *Tyler* v. *Ulmer,* 12 *Mass. R.* 163. The testimony rejected ought to have been admitted. *Blood* v. *Harrington,* 8 *Pick.* 552.

*Wells,* for the plaintiff.

The property was in the hands of the deputy in consequence of an official act, for which the sheriff was liable. His going out of office would not remove the liability to account for the property.

Being equally liable before and after going out of office, an admission or waiver binds the sheriff, as much after as before. But the exceptions merely state, that he ceased to act as deputy, not that he ceased to be a deputy. *Bridge* v. *Wyman*, 14 *Mass. R.* 190. The witness could not be permitted to prove the contents of a written instrument. There was no necessity of giving notice to produce the paper, as *the plaintiff* did not propose to give evidence of its contents. The paper might have been produced, if the defendant had taken the proper course to procure it.

The opinion of the Court, after advisement, was drawn up by

SHEPLEY J. — On the trial of this action, which was brought against the legal representatives of the former sheriff, for default of his deputy, *Thing*, the jury were instructed, that a demand must be proved to have been made of the deputy within thirty days after judgment, " unless the said *Thing* by his acts or admissions had waived such demand." It is said, that the waiver was not made by him while in office, and that if it had been, the sheriff was not bound by it. It does appear, that he had ceased to act as a deputy. When a deputy attaches goods, the law supposes him to have the custody of them in that character, until the suit is determined, whether he continues in office or not; and he is officially bound to deliver them to any officer, who may have the execution. But he may decline doing so, until such officer makes known his right to demand them. This demand being for his own personal security and convenience may be waived, and he remain liable in the same manner as if the demand had been made; and his principal will be answerable for his neglect to deliver the goods, it being the neglect of an official duty.

The defendants introduced the debtor to prove, that he was not the owner of the property attached. And it is insisted, that his testimony ought to have been submitted to the jury; and it is supposed to be like that received in the case of *Blood* v. *Harrington*. In that case the writing was but a bill of parcels. In this case it was a bill of sale, as the witness said, to secure to the purchaser certain liabilities, and the terms upon which the property was conveyed were particularly stated in the bill of sale. The terms of such a contract were of importance, and the contract itself was

the best evidence of them. It is said, that the bill of sale was in the hands of the purchaser, and that the defendants had not the control of it. They were obliged to prove their defence by the best evidence, and there is no apparent reason, why the purchaser might not have been required to attend and produce it.

*Exceptions overruled.*