## SAMUEL C. GAGE vs. JOHN H. WILSON.

Where the plaintiff, to prove property in himself, introduces a bill of sale thereof which is not admitted in evidence because the subscribing witness is not called to prove its execution, he cannot introduce parol evidence of the sale.

If the defendant is compelled to rely upon repelling proof in consequence of illegal evidence of the sale, and for that purpose calls a witness whose testimony proves the sale to have been made and tends to prove it to be fraudulent, this does not preclude him from availing himself of the erroneous admission of evidence, to obtain a new trial.

EXCEPTIONS from the Court of Common Pleas, PERHAM J. presiding.

Replevin for two horses, a clock and seven beds and bedding therefor. The defendant in his brief statement alleged, that he was a deputy-sheriff, and that as such, on the 11th of *March*, 1837, by virtue of a writ in favor of one *Irving*, against *William I. Thomas*, he attached the goods replevied as the property of *Thomas*, the true owner, denying the title of the plaintiff. The plaintiff, to maintain his action, first called *William I. Thomas, Jr.* who testified among other things that he saw a delivery of the property in controversy from his father to *Gage*, in *January* or *February*, 1837, but failed to prove a sale by him. The plaintiff then called *William I. Thomas*, the former owner under whom both parties claimed. This suit was defended by *Irving*, the creditor in the suit on which the attachment was made by the defendant. That action had been tried the present term, and a verdict found against him, but exceptions were filed by him, and the questions arising remained to be decided. The defendant objected to *Thomas* as a witness, on the ground of interest. The objection was overruled. *Thomas* then said that the evidence of the sale was in writing. The bill of sale was then produced by the plaintiff. It was witnessed by two persons of whom one had deceased, and the other lived within the State. The defendant called for proof of the execution of the bill of sale by the testimony of a subscribing witness, and objected to its admission in evidence. The proof was not introduced and the bill of sale was excluded. The plaintiff proposed to prove the sale by *Thomas*. Parol evidence to prove

the sale was objected to by the defendant. This objection was overruled, and *Thomas* was permitted to testify to facts showing a sale. The defendant called one *Conner* as a witness, and his testimony tended to prove that the sale from *Thomas* to *Gage* was fraudulent, but he stated that a sale had been made. The exceptions set forth, that the Judge, in committing the cause to the jury, stated to them that it had been proved, that the plaintiff had a bill of sale of the property, which though offered had not been read in evidence; that it was not competent for the plaintiff to show by parol evidence the contents of the bill of sale, but that the plaintiff contends, that there is sufficient evidence of a sale without it by the delivery of the articles and subsequent payment for them, and for the keeping of the horses, together with the recognition of the sale by the defendant's evidence; and he directed them to inquire, if a sale of the property to the plaintiff had been proved; and if it had, they would also inquire, whether it was made in good faith or to defraud creditors, and to return their verdict as they should find the evidence to be on those points. The verdict was for the plaintiff, and exceptions were taken by the defendant.

*Washburn* and *Prentiss* argued for the defendant, and contended, that as the sale was in writing, and that writing in existence and in the possession of the plaintiff, that parol evidence to prove the sale was inadmissible. It is no cause for the introduction of parol evidence that the plaintiff failed to prove the execution of the paper. The defendant had the right to insist on the production of the subscribing witness, to prove fraud by him. 1 *Stark. Ev.* 102; 3 *Stark. Ev.* 995; 5 *Mass. R.* 303; 1 *Mass. R.* 101; 15 *Pick.* 449; 2 *Fairf.* 253; *ib.* 404; 1 *Shepl.* 31; 12 *Johns. R.* 221; 1 *Moody & Rob.* 279.

*Thomas*, the vender of the property, was interested, and incompetent as a witness. Nor was it a balanced interest. 6 *Greenl.* 420; 3 *Fairf.* 51; 2 *Greenl.* 199; 3 *Fairf.* 9; 11 *Johns. R.* 57; 6 *T. R.* 5.

When the defendant was compelled to show fraud in consequence of the improper testimony admitted to prove the plaintiff's right to the property, the testimony of the witness of the defendant that there was a bill of sale, but that it was fraudulent, is no justification or excuse of the improper ruling of the Judge. The

admissions of the adverse party, even if made in Court, do not avoid the necessity of calling the subscribing witness. 1 *Stark. Ev.* 330; 4 *East*, 53; 2 *M. & S.* 62; 2 *Stark. R.* 180.

*Wilson*, for the plaintiff, contended, that as the bill of sale was ruled out on the objection of the defendant, that was out of the case. The testimony of the witnesses was not offered to prove the contents of the writing, but to show other facts, proving the sale, delivery and payment. Such testimony is not excluded by any rule of evidence. But the plaintiff's case was fully proved by the return of the defendant on the writ, *Irving* v. *Thomas*, and by *Conner*, the defendant's own witness. *Irving* is not a creditor of *Thomas*, and has no right to come in here and set up a defence to this suit. The case shows no interest of *Thomas*. But if it did, his testimony is wholly immaterial, the sale being proved by the defendant's witness. A new trial will not be granted, where the jury have found facts decisive of a case in favor of the party prevailing, or where immaterial testimony has been erroneously admitted. *Jewett* v. *Lincoln*, 2 *Shepl.* 116; *Polleys* v. *Ocean Ins. Co. ib.* 141; *Watson* v. *Lisbon Bridge, ib.* 201; *Kelley* v. *Merrill, ib.* 228.

The opinion of the Court was drawn up by

WESTON C. J. — The plaintiff was bound to prove property in the chattels in controversy in himself, before he could be entitled to a verdict. He relied upon a sale from *William I. Thomas*, the original owner. The evidence of that was in writing. It was a single transaction, of which the written instrument was the appointed and legal proof. It was given as the proper evidence of title, and as such held by the plaintiff. It was the best evidence, which he was therefore bound to produce. And when produced, it was incumbent on him to prove it.

It had two subscribing witnesses. One of them had deceased; but the testimony of the other might have been obtained. Secondary evidence of its execution was inadmissible, and the instrument was properly excluded. But this did not entitle the plaintiff to adduce parol evidence of the sale. It was inferior in its character to the written evidence, which was executed for the purpose of fixing and ascertaining what had been agreed. We are of opinion

then, that the testimony of *Thomas* as to the sale, which was objected to, was not legally admissible.

It is contended, that by the testimony of *Conner*, a witness for the defendant, proving the sale, that fact is established from testimony, to which he is not at liberty to object. His legal objection to the evidence of sale being overruled, the defendant was under the necessity of resorting to repelling testimony, and attempted to prove by *Conner*, that the sale was fraudulent. This evidence, thus introduced, ought not to have the effect to preclude him from questioning the plaintiff's title, which he had failed to prove by competent testimony.

As the case is presented, the competency of *William I. Thomas*, as a witness for the plaintiff, may well be questioned. He was the plaintiff's vendor, interested to sustain his title. Unless it is balanced by an equal interest on the other side, he is incompetent. It would have been, if *Irving*, who is represented by the defendant, had been his creditor. This is so far from being established by proof, that a verdict has been rendered against him; but whether rightfully or not, is yet to be determined.

*Exceptions sustained.*