Daniel, J.
 

 First; the defendants moved to nonsuit the plaintiff, because he did not produce his books in court on the trial, pursuant to the notice given him. Without now deciding whether the act of Assembly, Rev. Stat. ch. 31, s. S6, extends to books of the description mentioned in this notice, we nevertheless think that the plaintiff should not have been nonsuited. Before the defendants could legally move for a nonsuit, he should, at some previous stage of the proceedings, have obtained an
 
 order
 
 of the court for the plaintiff to produce the books on the trial; no such order had ever been obtained. The act says, that, if the plaintiff shall fail to comply with such “ order” to produce the books, he may be nonsuited.
 

 But on the second question, it seems to us the judge erred. The goods were in the possession of Clark, and
 
 prima facie
 
 he was the legal owner. The plaintiff had afterwards written a letter to Hamilton claiming the property, in which letter he says, “ I have a written agreement with Clark as to his property that was sold,
 
 and the castings 1 sent with him"
 
 It therefore appears by the plaintiff’s own acknowl-edgement, according to the grammatical, and, as we think, ob
 
 *384
 
 vious meaning of the letter, that he had an agreement in writing with Clark, as to the castings sent with him. The title to this property was to decide the action ; the written agreement was better evidence of the title than the parol testimony of Clark, and the plaintiff, we think, should have been compelled to produce it, unless he had shewn by satisfactory evidence that the written agreement did not extend thereto, or was not in existence or in his power.
 

 Per Curiam. Yerdict set aside and new trial awarded.