May Term,
1859.

WILLIAMS
v.
JONES.

Thursday,
June 23.

———•◦◦•———

WILLIAMS *v.* JONES and Others.

Parol evidence is not admissible, in the first instance, to prove the receipt of a judgment. If the receipt be upon the record, the record, or a transcript of it, must be produced. If it be upon a separate paper, and delivered to the opposite party in the suit, notice must be given to him to produce it on the trial, and upon his failure to do so, the contents of it may be proved by parol.

In a suit upon an agreement to deliver a certain amount in cash notes, the value of the notes, as found by the jury, and not the amount stated in the agreement, is the measure of damages.

APPEAL from the *Madison* Court of Common Pleas. *Saturday, June 25.*

PERKINS, J.—Suit upon the following agreement:

"$900. On or before the 1st day of *April* next, I promise

VOL. XII.—36

May Term, 1859.

WILLIAMS v. JONES.

to assign over and indorse to *Jones Brothers & Co.*, 900 dollars in cash notes, drawing 6 per cent. interest, on good, solvent men, resident in *Madison* county, *Indiana*, all waiving relief from valuation laws of said state, and then due, in consideration of their receipting to *Oran Carver* full payment of the judgment which they recovered against him in the District Court of the *United States* for the district of *Indiana*, at the *May* term thereof, 1855, and surrendering up to me the notes which they hold as collaterals, executed by *John Harris* to said *Carver*. *R. W. Williams. December* 22, 1855."

The complaint averred that the receipt was executed and the collaterals delivered, but that the notes were not assigned over.

Answer, denying the execution of the receipt and the delivery of the collaterals.

On the trial, the Court permitted parol evidence of the receipt. This was error. If the receipt was upon the record of the judgment, the record, or a transcript of it, should have been produced. If the receipt was not upon the record, but was upon a separate paper, and delivered to the defendant, notice should have been given to him to produce it on the trial, and on his failure to do so, the contents might have been proved by parol.

In the assessment of damages, the Court held that they should be for the sum expressed on the face of the written agreement. According to the case of *Parks* v. *Marshall*, 10 Ind. R. 20, and the authorities there cited, the value of the notes to be assigned, as found by a jury, would be the measure of damages.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for another trial.

*W. R. Pierse*, for the appellant.

*M. S. Robinson*, for the appellees.