## MILTON W. CRARY v. THOMAS CAMPBELL, PEYTON POWELL, WILLIAM McCLANAHAN, AND WILLIAM WEED.

SALE OF MINING CLAIM.—Where a mining claim is conveyed by a written bill of sale, the bill of sale is the best evidence of the transfer, and parol evidence of the conveyance is inadmissible.

PAROL EVIDENCE OF SALE.—Where a witness, in his direct examination, testifies to a sale of a mining claim, and on cross examination states that the sale was in writing, it is error for the Court to refuse, on motion, to strike out the parol evidence of the transfer.

JOINT OWNERS—ACT OF ONE ACT OF ALL.—If one of two joint owners of a flume used for mining purposes consents to and directs the opening of a water ditch above the flume, by means whereof the water from the ditch flows over and injures the flume, the other joint owner cannot recover damages for such injury.

EVIDENCE OF DECLARATION OF ONE JOINT OWNER.—If one of two joint owners of a flume used for mining purposes brings an action to recover damages for an injury to the joint property caused by opening a water ditch above the flume, it is error for the Court to reject evidence that the other joint owner gave his consent to having the ditch opened.

APPEAL from the District Court, Eleventh Judicial District, Placer County.

The complaint averred that plaintiff was the owner of a mining claim which he worked by hydraulic process, situated a short distance below a ditch called the Miner's Ditch ; that plaintiff, for the conveyance of tailings and water from his claim, had constructed a flume about seven hundred feet long leading therefrom ; that in January, 1862, defendants Weed and McClanahan, as agents of defendants Campbell and Powell, who were the owners of the Miners' Ditch, cut the embankment of the ditch, and thereby caused seven hundred inches of water to flow down upon plaintiff's flume, by means whereof it was injured.

Plaintiff recovered judgment in the Court below, and defendants appealed.

The other facts are stated in the opinion of the Court.

*Charles A. Tuttle,* for Appellant.

*Jo Hamilton,* for Respondent.

By the Court, CURREY, J.

This action was brought to recover damages alleged to have been caused by the defendants in the cutting away of a ditch called the Miners' Ditch, of which certain of the defendants were the owners, by means of which the waters therefrom were precipitated upon the plaintiff's mining property, causing great injury and damage thereto.

The defendants, after having controverted the material averments of the complaint, alleged in substance, that the Miners' Ditch was located and the right of way for it was acquired prior to the location of plaintiff's mining claim ; and they charged that the plaintiff wrongfully and without the consent of the owners of the ditch had, before the time of the happening of the injury, excavated and washed away the soil from below the ditch up to and under it, so as to destroy the same, whereby the owners of the ditch were compelled to build a flume to carry the water over the place thus destroyed ; that after this, the plaintiff continued to wash away the soil, and in consequence of it the earth settled and slid away from the defendants' flume, causing it to sink, when water flowed over into the plaintiff's claim.   The defendants also alleged that at the time the injury occurred and for several days before, there had been an unusually heavy fall of rain, and that to avert the injury threatened by the flood, the defendants, McClanahan and Weed, consulted with plaintiff's managing agents, one of whom was jointly interested with the plaintiff, in respect to the propriety of cutting the Miners' Ditch, and that by the consent and with the assistance of such agents, the ditch was cut at a point a few rods distant from the place where the flume had settled, by means whereof the water was turned down the cañon there ; and the defendants averred that this was done to prevent the total ruin of the plaintiff's claim, and that, if it had not been for the previous excavations of the plaintiff, it would not have been necessary to have cut the ditch.   This reference to the matters pleaded is necessary for the pur-

pose of presenting to view the points on which the case as it appears by the record must be decided.

On the trial the plaintiff examined a witness who gave evidence to show that this mining claim was located by certain persons whom he named, before the ditch was constructed. The witness testified that he purchased the claim of those who first located it, and took possession of it in the fall of 1854, and continued to hold it until he conveyed the same to the plaintiff and others, and that from that time the plaintiff had held it in possession. On his cross-examination the witness testified that, when he purchased, he received a bill of sale of the claim from his vendors, and that when he conveyed to the plaintiff and others, he executed to them a bill of sale of the property. These facts appearing, the counsel for the defendants moved the Court to strike out the testimony of the witness as to his purchase, and also as to his sale and conveyance to plaintiff and others, on the ground that the transfers of the property were in writing, which was the best evidence thereof. The Court denied the motion, and the defendants' counsel excepted. This ruling of the Court the appellants assign as erroneous.

If the facts sought to be proved by this witness were material, as they seem to have been regarded by the parties and the Court, then the bills of sale, which were the best evidence of the transfers, should have been produced. The plaintiff deemed it necessary to connect himself with the right and title acquired by the original locators of his mining claim, and we apprehend it was of some importance, at least, that he should do so. But, to do this, it was necessary for him to produce the conveyances or bills of sale, the existence of which was proved. The Court ought to have ordered the parol evidence of the sales and conveyances stricken out, when the application to that end was made.

O. J. Stone was examined as a witness upon the trial, and testified that he and the plaintiff were jointly the owners of the property injured by the opening of the ditch—the plaintiff's interest being seven twelfths and that of the witness

the remaining five twelfths.    The defendants' counsel then offered to prove by him that before the ditch was cut he consented to it.    The evidence was objected to on the ground that it was irrelevant, and inadmissible on the cross-examination, and the objection was sustained, and the defendants excepted.    When the plaintiff had rested his case, the defendants called the witness Stone, on their own behalf, and proposed to prove by him that two days before the ditch was cut he told the defendant McClanahan "that the flume on the ditch would probably settle, and then to cut the ditch at the cañon where the ditch crosses it."    The plaintiff objected to the testimony as irrelevant, and the Court sustained the objection, and the defendants excepted.    The appellants also assign this ruling of the Court as erroneous.

If the witness had been permitted to testify, we must presume he would have proved the matters suggested by the offer ; and from the circumstances proved it is manifest that the direction of the witness to McClanahan, if given, was dictated by a reasonable appreciation of the dangers that were imminent.    The witness was interested in the preservation of the property which he and the plaintiff owned in common, and had the right to adopt such means for its protection from injuries by the flood as the exigencies of the time seemed to require.    If the defendants, in compliance with his request, opened the ditch, they ought not to be and cannot on any just principle be rendered liable in damages for the injuries that followed.    We think the testimony offered was relevant, and that the Court erred by sustaining the objection made thereto.

The judgment is reversed and a new trial ordered.