## ANSON JONES *vs.* STOWELL DIMMOCK.

Where suit is brought on an instrument whereby a party promised to pay a certain sum, in specific articles, in monthly installments at a price named, the production of such instrument is not *prima Jacie* evidence of an existing indebtedness, but the plaintiff, in order to entitle him to recover, must show, affirmatively, that the defendant has not fulfilled his contract.

The plaintiff on resting his case had not made such a showing as to entitle him to recover, but his evidence offered to rebut the evidence of the defendant, showed him entitled to recover. *Held*, That whether any given testimony is elicited on the direct examination, cross-examination, re-examination or by way of rebutting, the Court will apply it to the issue as presented by the pleadings.

An agreement to pay a certain sum in specific articles at a price named, may be discharged by the payment of that sum of money. Hence, in an action on such a contract, the measure of damages is not the value of the goods at the time of the breach, but the amount of money specified in the contract, with interest after due.

*Van Buren Circuit, April,* 1871.

Action of assumpsit, upon an instrument of which the following is a copy :

"Rev. Stamp.
30 cts. ·

Pine Grove, Feb 4, '69.

For value received, I promise to pay A. Jones or bearer, six hundred dollars, in eight equal installments, monthly, to be paid in lumber and shingles. "A" shingles, $3 50 per M.; fencing, $13 per M.; stock lumber, $12 per M. at the mill.

S. DIMMOCK."

On the trial, the execution of the above instrument was proved, and the same was offered in evidence, whereupon the plaintiff rested

The defendant then testified to the receipt by the plaintiff of lumber, shingles and lath, upon the above contract, amounting, it was admitted by plaintiff's attorney, to $147 04. He further testified that he was always ready to pay the plaintiff's claim in lumber or in shingles; but admitted that there had been times since the year 1869, that he had not the precise article demanded by the plaintiff but testified that he hand at all times either lumber or shingles.— Several witnesses testified that the defendant had on hand, all the time, stock lumber, fencing lumber or shingles.

The plaintiff replied, offering to show that on several occasions he went or sent to the defendant's mill and being unable to procure what he desired, loaded with something else. William R. Surrine,

Sheriff, testified that sometime between June and August, 1869, Dimmock told him there was a chattel mortgage on the lumber in his mill yard. The plaintiff and his son testified that some time after this, plaintiff had a conversation with Dimmock, who admitted that he had not complied with the contract, and told him, the plaintiff, he need not come for any more lumber but he would pay the balance due the plaintiff in money.

The defendant was then called and denied making any promise to pay the plaintiff money.

*Stephenson & Burnum*, Attorneys for Plaintiff.

*C. L. Fitch*, Attorney for Defendant.

*By the Court*, BROWN, J.—The written instrument offered in evidence in this case is not *prima facie* evidence of an existing indebtedness, and the plaintiff, in order to entitle him to recover, must show affirmatively that the defendant has not fulfilled his contract.

The plaintiff rested his case without showing any breach of the contract. To show such breach he should show a demand and a non-compliance by the defendant, or a refusal by the defendant to comply with the contract.

After the defendant had rested his case, the plaintiff and his son testified that Dimmock acknowledged that he had not been able to comply with the conditions of his contract and would pay the balance in money. This, Dimmock denies; but I think the concurrence of Jones and his son should be credited rather than the statement of Dimmock. While this promise is not to be considered as binding as a new contract, I think it may be taken as an admission of a breach of the contract by the defendant, or as sufficient itself to constitute a breach.

That this proof was made while introducing the rebutting testimony makes no difference. The order of proof is always in the discretion of the Court; and whether any given testimony is elicited on the direct examination, on the cross-examination, re-examination or by way of rebutting, the Court will apply it to any branch of the case or to any alleged facts or thory introduced therein. It therefore follows that the plaintiff is entitled to recover.

I cannot recognize the rule of damages as claimed by the defendant's counsel, that it should be the value of the goods at the time of the breach. It is true that this doctrine is held by many authorities. See *Tyler vs. Tyler*, 6 *Harr. & J.* 273; *Davenport vs. Wells,* 1 *Iowa,* 598, *Edgar vs. Bois,* 11 *Serg. & R.,* 445; *McDonald vs. Hodge,* 5 *Haywood T. R.,* 85; *Price ads. Instrobe, Harper,* 111; *Wilson vs. George,* 10 *N H.,* 445; *Norman vs. Islay.* 17 *Wis,* 314; *Doak vs. Ex'rs of Snapp,* 1 *Coldwell* (*Term.*) 180; *Williams vs. Jones,* 12 *Ind.,* 561; *Price vs. Spades,* 13 *Id.,* 458; *Parks vs. Marshall,* 10 *Id,* 20; *Williams vs. Sims,* 22 *Ala.,* 512; *Morris, Ad'm'r vs. Pruther,* 3 *Met.,* (*Ky.,*) 196. .

It was the rule of the civil law, as announced by Pothier, (*Poth. on Ob.,* No. 497.) That " all agreements to pay in specific articles are presumed to be male *in favor of the debtor,* and he may in all cases pay the *amount of the d bt,* in money, in lieu of the articles which, by the terms of the contract, the creditor had agreed to receive. instead of money." In the case of *Trowbridge vs. Holcomb et al..* 4 *Ohio St. R.,* 38, the Court, referring to this proposition of Pothier, say : "With perhaps some qualifications of the generality of tl is language, this is also the rule at common law;" and they held that an agreement to pay $1.500 in wool, at 20 cents per pound, might be discharged by the payment of that sum of money; and that sum would be the measure of damages if the wool be not delivered.

To the same effect are the cases of *Perry vs. Smith,* 22 *Verm.,* 301; *Smith vs. Smith,* 2 *J. R..* 235; *Pinney vs. Gleason,* 5 *Wend.,* 393; *Brooks vs. Hubbard,* 3 *Con. R..* 58; *Baber vs. Muir,* 12 *Mass.* 121; *Medler vs. Moore,* 1 *Black.,* 342.

To my mind, the reasoning of the cases last above cited, is more satisfactory than of the cases taking a different view of the law.

But in view of the testimony in this case it would seem immaterial whether the rule of damages is as contended for by de fendant's counsel or not. There is no testimony in the case tending to show the value of the lumber and shingles to be dif ferent from that agreed upon by the parties. and in the absence of any proof upon that point the price specified in the contract would, of course, govern as the rule of damages.

Let judgement be entered for the plaintiff for the balance due him, with interest from January 1st, 1870, to be computed by the Clerk.