**PRICE v. WOLFER.**

[52 Pac. 759]

</div>

RULE FOR ADMITTING SECONDARY EVIDENCE—Secondary evidence of a transfer of personal property by bill of sale is inadmissible unless a reasonable excuse is given for not producing the writing.

From Marion :    GEORGE H. BURNETT, Judge.

Action of replevin by I. J. Price against George J. Wolfer, wherein plaintiff failed and now comes here for redress.

AFFIRMED.

For appellant there was a brief over the name of *Holmes & Kellogg*, with an oral argument by *Mr. Wm. H. Holmes.*

For respondent there was a brief and an oral argument by *Messrs. Grant B. Dimick* and *John A. Carson.*

MR. CHIEF JUSTICE MOORE delivered the opinion.

This action was commenced in the justice's court of Salem district, Marion County, to recover thirty cases, each containing twenty-four soda water bottles, or for the sum of $75, as the reasonable value thereof in case delivery could not be had, and for the sum of $100 as damages for their unlawful detention. Plaintiff alleges that about November 2, 1893, he purchased and now is the owner of what is known as the " Salem Soda Works " and the "Capital City Bottling Works," together with all the bottles and cases belonging thereto, wherever the same might be found; that between January 1, 1892, and January 1, 1895, defendant, in said county, wrongfully and unlawfully took possession of said thirty cases of bottles when the property of plaintiff; that about June 18, 1895, he demanded of the defendant the delivery thereof, but he refused to comply therewith. The defendant, after denying the material allegations of the complaint, alleges that between April 2 and July 4, 1892, one P. Anderson, being the owner of said soda and bottling works, together with the bottles and cases belonging thereto, sold and delivered to one Samuel Miller twenty-four cases, each containing twenty-four soda water bottles and six empty cases; and that Miller, about May

27, 1895, sold and delivered the same to defendant who now is the owner thereof. The reply having put in issue the allegations of new matter contained in the answer, a trial was had, resulting in a dismissal of the action, and a judgment against plaintiff for costs and disbursements, from which he appealed to the circuit court, and, the trial therein resulting in a similar judgment, he appeals to this court.

It is contended by plaintiff's counsel that the court erred in striking out testimony which had been admitted without objection, and in granting a motion for a judgment of nonsuit. The testimony admitted at the trial tends to show that on April 25, 1892, P. Anderson was the owner of the Capital City Bottling Works and the Salem Soda Works, which on that day he sold to one G. W. Epler, who on June 6, 1892, sold and delivered the same to George Collins and Lewis Folsom; that in March, 1893, Collins sold and delivered to one William Baxter his undivided one-half interest in said works, and thereafter Folsom sold and delivered to the same person his interest therein, each executing to the purchaser a bill of sale evidencing the transfer; and that on October 28, 1893, Baxter sold and delivered to plaintiff the said soda and bottling works, and executed to him a bill of sale therefor. George Collins, being called as a witness for plaintiff, testified concerning the sale and delivery by him and Folsom, and, having stated that he executed to Baxter a bill of sale, defendant's counsel demanded of the witness the production of such instrument; but, not being able to comply therewith, the court, holding that the bill of sale was the best evidence of the transfer, struck out the testimony of the witness, to which action plaintiff excepted. Lewis Folsom testified that, having owned an interest in said soda and bottling works, he

33 OR.—2.

transferred the same to Baxter by a written instrument; whereupon the court, holding that the bill of sale afforded the best evidence, refused to permit the witness further to testify concerning the transfer of said property until proof of the loss of said instrument had been offered, to which ruling the plaintiff excepted. The plaintiff, appearing as a witness in his own behalf, testified that he purchased the Capital City Bottling Works and the Salem Soda Works from William Baxter, who, at the time of such purchase, had control thereof; that he had never sold or transferred any of such property; and that he did not know where the bottles and cases were when he acquired the title thereto, but understood that they were in the possession of the customers of said business, scattered over Marion and Polk counties. The plaintiff having thereupon rested his cause, the court gave a judgment of nonsuit.

In *Dunn* v. *Hewitt*, 2 Denio, 637, which was an action to recover from a constable a wagon which had been seized on execution as the property of plaintiffs' father, the former owner thereof, who having confessed a judgment, the wagon was sold on execution issued thereon to one Marshall, from whom plaintiffs claimed to have purchased it. The plaintiffs, to prove their title, called their father as a witness to the purchase, as a matter within his knowledge; but, it being disclosed on his recross-examination that Marshall had executed to plaintiffs a bill of sale, the defendant moved to strike out so much of his testimony as related to that transaction, unless the writing should be produced; but the justice before whom the cause was tried, refusing to grant the motion, gave judgment for plaintiffs, which the court of common pleas confirmed on certiorari, whereupon the defendant brought error to the supreme court, which held that where the execution of the bill of sale was first disclosed on the sec-

ond cross-examination of a witness, who had orally proved the transfer on his direct examination, the parol testimony should be stricken out. JEWETT, J., rendering the decision of the court, says : '' It is well settled that whenever it turns out, either on the direct or cross-examination, that a writing exists with regard to a transaction, which the law regards as the best evidence, it must be produced, or its absence accounted for. If this is not done, all inferior evidence that may have been given will be stricken out and disregarded.'' In *Crary* v. *Campbell*, 24 Cal: 634, which was an action to recover damages alleged to have been caused by defendant cutting a ditch, whereby the waters therefrom flowed upon and injured plaintiff's mining claim, at the trial of which a witness testified that he purchased the claim from the original locator, and held the same until he conveyed it to plaintiff, who thereafter had possession of it, on cross-examination the witness stated that, when he purchased the mining claim, he obtained a bill of sale thereof, and that when he conveyed it to plaintiff, he also executed a bill of sale, evidencing the transfer. Defendant's counsel thereupon moved the court to strike out that part of the testimony of the witness which related to his purchase and conveyance, on the ground that the bill of sale was the best evidence of such transfer ; but, the court denying the motion, an exception was saved, and, judgment having been rendered for plaintiff, the court, in reversing it, say : '' If the facts sought to be proved by this witness were material, as they seem to have been regarded by the parties and the court, then the bills of sale, which were the best evidence of the transfers, should have been produced. The plaintiff deemed it necessary to connect himself with the right and title acquired by the original locators of his mining claim, and we apprehend it was of some importance, at least, that he should do so. But, to

do this, it was necessary for him to produce the conveyances or bills of sale, the existence of which was proved. The court ought to have ordered the parol evidence of the sales and conveyances stricken out when the application to that end was made.''

In *Graham* v. *Hamilton*, 25 N. C. 381, the plaintiff, at the trial of an action to recover the value of a quantity of castings alleged to have been converted by the defendants to their own use, called one Clark as a witness, to prove that the castings were received by him as plaintiff's agent, to take to South Carolina to sell. The defendant objected to the introduction of this testimony, contending that a written contract had been entered into between plaintiff and the witness concerning the property, and, in support thereof, introduced in evidence a letter written by plaintiff, in which he stated : '' I have a written agreement with Clark as to his property that was sold, and the castings I sent with him.'' The objection was overruled, and, the witness being permitted to testify with reference to the transaction, a judgment was rendered in plaintiff's favor, in reversing which the supreme court say : '' It therefore appears by the plaintiff's own acknowledgment, according to the grammatical, and, as we think, obvious, meaning of the letter, that he had an agreement in writing with Clark as to the castings sent with him. The title to this property was to decide the action. The written agreement was better evidence of the title than the parol testimony of Clark, and the plaintiff, we think, should have been compelled to produce it, unless he had shown by satisfactory evidence that the written agreement did not extend thereto, or was not in existence or in his power.'' It has been held that where a plaintiff, to establish his title to a mule, offered oral evidence of his having bought the animal and taken a bill of sale therefor, the evidence was inadmissible until the writing

.was produced : *Stone* v. *Waggoner*, 8 Ark. 204. The rule
is universal that secondary evidence is not admissible
when it appears that primary evidence is obtainable :
*Morton* v. *White*, 16 Me. 53 ; *Gage* v. *Wilson*, 17 Me. 378 ;
*Greeley* v. *Quimby*, 22 N. H. 335 ; *Newsom* v. *Jackson*, 26
Ga. 241 ( 71 Am. Dec. 206 ) ; *Tayloe* v. *Riggs*, 26 U. S.
( 1 Pet.) 591. And, under this general rule, it has been
held that the contents of a written instrument cannot be
proved by parol, unless the original has been lost or de-
stroyed, or its nonproduction in some way accounted for :
*Patterson* v. *Doe*, 8 Blackf. 237 ; *Williams* v. *Jones*, 12
Ind. 561.

The rule that parol testimony of the contents of a writ-
ing is inadmissible in evidence, until the absence of the
original is accounted for, is particularly applicable in the
following instances :  (1) In the case of records and other
instruments which the policy of the law requires to be in
writing ;  (2) where the writing is not so required, but
the parties have adopted it for greater solemnity or
security ;  and (3) where the contents of a document are
in issue :  1 Best, Ev. ( Morgan's Ed.) § 223. In the
case at bar it will be observed that it is alleged in the
complaint that defendant unlawfully took possession of
the cases and bottles between January 1, 1892, and Jan-
uary 1, 1895, while plaintiff did not obtain a title thereto
until November 2, 1893. It is manifest, therefore, that
the conversion complained of may have occurred before
plaintiff obtained a title to the property in question ;
and, as his right of action was dependent upon the title
of Anderson, Epler, Collins & Folsom, and Baxter, it
was incumbent upon him to prove such title ;  and, it
appearing from the testimony that the transfer in each
instance was evidenced by a bill of sale, the duty was
cast upon him to introduce the same in evidence, or to
show a reasonable excuse for not so doing, before he could

offer parol testimony of the contents thereof. The court committed no error in striking out the testimony or in granting the judgment of nonsuit, which is affirmed.

AFFIRMED.

Decided April 18, 1898; rehearing denied.