DANA BOMES *vs.* RHODE ISLAND CONCRETE & ROOFING CO.

JUNE 26, 1959.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

312

POWERS, J. This is an action in assumpsit brought by a surviving joint tenant to recover damages resulting from an alleged breach of contract made between the plaintiff's joint tenant, now deceased, and the defendant company. The case was tried before a justice of the superior court sitting without a jury, and at the conclusion of the testimony for the plaintiff he granted the defendant's motion for a nonsuit. The case is before us solely on the plaintiff's exception to the granting of such motion.

The evidence discloses that plaintiff is the widow of Samuel Bomes and that on January 23, 1942 they became joint tenants of a parcel of real estate located on Elmwood avenue in the city of Providence. Sometime in the fall of 1952 Samuel Bomes entered into a contract with defendant to put a new roof on the building owned jointly by him and his wife. It is undisputed that plaintiff was unaware of the contract between her husband and defendant and apparently never became aware of it during his lifetime. He deceased January 17, 1954.

It further appears that the contract for a new roof was negotiated with defendant because the existing roof was leaking and the tenants were complaining. Abraham Kaplan testified that he vacated the premises as a tenant because the leaky roof resulted in his cars being spotted and although he had complained for more than two years nothing was done about it.

The plaintiff did not testify but her son Milton, who was present when the contract was made, testified that defend-

ant agreed to put on a sound, tight roof for $925, which would be guaranteed to stop all leaks for a number of years. The new roof was installed and the consideration paid. Thereafter in October 1953 the roof began to leak again and despite written complaints made to defendant the latter took no action.

In October 1955, not having received any satisfaction from defendant, plaintiff's son Milton executed a contract with McGarrahan Roofing & Sheet Metal Co. for a new roof. That company performed the work for which it was engaged and was paid $2,359 therefor.

At the close of the testimony for plaintiff who, it is admitted, had no knowledge of the contract between her late husband and defendant, defendant moved for a nonsuit on several grounds. The principal ground on which it relied, and on which the trial justice reached his decision in granting the motion, was that plaintiff was not privy to the contract with defendant and therefore was not a proper party. It is defendant's contention that any right of action flowing from this agreement was not a real but a personal action and therefore Samuel Bomes' personal representative was the only proper party plaintiff.

The plaintiff argues, however, that the trial justice misconceived the law in failing to recognize the principle that where one of two joint tenants of realty enters into a contract for the improvement of their joint property which mutually benefits both, the other joint owner can sue in his or her own name for breach of the contract. She contends that the aforesaid principle is a logical one. Furthermore, she argues that if the positions of the parties were reversed and defendant had not been paid during the lifetime of Samuel Bomes, the company should be permitted to recover the contract price because the surviving joint tenant's interest had been protected and preserved by the improvement of the realty. Conversely, she contends, if defendant could have sued plaintiff on the contract then

it follows that plaintiff should be able to sue defendant for breach of the contract.

The plaintiff calls to our attention *Crary* v. *Campbell*, 24 Cal. 634. This was an action in tort for damages, presumably trespass, resulting from work and labor performed by the defendants at the request of the plaintiff's joint tenant to preserve the jointly owned property. It is in no sense applicable to the case at bar. In the instant case plaintiff is not suing defendant for damages resulting from defendant's negligence.

Our research in connection with the *Crary* case led us to a later California case, *Simpson* v. *Bergmann*, 125 Cal. App. 1, which was an action in assumpsit by a surviving joint tenant for breach of a contract allegedly negotiated between her husband and the defendants for the construction of a dwelling house on land owned jointly by the plaintiff and her husband. The California court found that there was sufficient evidence to show that the husband was also acting for her in the transaction with the defendants and held that she could maintain an action for damages on the contract.

We find no other case, nor has any been called to our attention, where the facts so closely resemble those in the instant case. It is to be observed that in the *Simpson* case it was on the basis of an agency existing between the plaintiff and her husband in connection with the contract that she was permitted to recover. In the instant case it is conceded by plaintiff that she had no knowledge of the contract negotiated between her husband and defendant, nor is any claim made that he was acting in her behalf.

The plaintiff relies solely on the purpose of the contract between Samuel Bomes and defendant, namely, to repair the roof on property owned jointly by her and her husband, and disregards the parties thereto. In an action of assumpsit the subject matter of the contract is incidental and immaterial. The contract was a personal one between Samuel Bomes and defendant and it follows that any legal rights

under the contract are enforceable in such an action only by the parties thereto or their legal representatives if such right of action survives. It is well settled in this jurisdiction that those actions or causes of action which at common law survived the death of either party included actions founded on contract. General laws 1956, §9-1-6; *Sprague* v. *Greene,* 20 R. I. 153. And furthermore such rights by and against personal representatives are reciprocal. *Bullowa* v. *Gladding,* 40 R. I. 147, 164.

No case has been called to our attention, nor have we been able to discover any, where as in the circumstances of the case at bar a joint tenant, not privy to a contract between her joint tenant and another, has been permitted to sue in her own name for the breach of the contract by the other. Counsel for the plaintiff suggests rather weakly that under the third party beneficiary rule the plaintiff could bring this action in her own name because she is a third party who benefited by the contract made by her joint tenant. In the circumstances here there is no merit in this contention.

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment on the nonsuit.

*Fergus J. McOsker,* for plaintiff.

*James A. McGuirk,* for defendant.