Argued April 1, decided April 8, 1913.

### FIRST NAT. BANK v. BRADBURN.*

(131 Pac. 301.)

**Fraudulent Conveyances—Conveyance by Husband to Wife—Vacation.**

Where a wife, having inherited certain funds from her father's estate, invested the same with others in certain land, but the deed by mistake of the scrivener was executed in the name of her husband and the three other co-owners, and, after the mistake was discovered, the husband executed a deed to the property to his wife to correct the mistake, such deed was not fraudulent, and the wife's interest was exempt from the claims of the husband's creditors, under Section 5, Article XV, Constitution, providing that the property of a married woman shall not be subject to the debts or contracts of her husband.

---

*On the effect of a conveyance by husband to wife, see note in 69 L. R. A. 353.                          REPORTER.

From Douglas:   JAMES W. HAMILTON, Judge.

This is a suit by the First National Bank of Arvada, Colorado, against Zella M. Bradburn and George A. Bradburn. The facts are fully set forth in the opinion.

AFFIRMED.

For appellant there was a brief with oral arguments by *Mr. George Jones* and *Mr. John T. Long.*

For respondent there was a brief over the names of *Messrs. Cardwell & Watson,* with an oral argument by *Mr. William W. Cardwell.*

Mr. Justice Bean delivered the opinion of the court.

The facts disclosed by the record are as follows: In 1906 defendant George A. Bradburn gave a promissory note to one H. H. Winchell, while the defendants were residents of the State of Colorado. The note finally passed into the hands of plaintiff, a corporation of the State of Colorado. The defendants having moved to Douglas County, Oregon, the plaintiff instituted an action on the note against George A. Bradburn in that county, and on the 26th day of November, 1910, obtained a judgment against him for the sum of $1,049.20, and costs. Being unable to collect the judgment upon execution, plaintiff brings this suit to set aside the deed, alleging that it was fraudulently executed, without consideration, and for the purpose of defrauding plaintiff.

Defendants answered, admitting the judgment against George A. Bradburn, and denying the allegations of fraud. They aver that on the 28th day of February, 1910, Zella M. Bradburn purchased an undivided one-fourth interest in the Sheridan and Agee tract for the sum of $7,500, and that at the time the purchase was made, by a mistake of the scrivener who prepared the deed, and without the knowledge or consent of defendant Zella M. Bradburn, the deed was made in the name of George A. Bradburn. On the 16th day of April, 1910, after the mistake was discovered, George A. Bradburn executed a deed to the property to Zella M. Bradburn, his wife, to correct the mistake. Section 5, Article XV of the Constitution, provides that the property and pecuniary rights of every married woman at the time of marriage, or afterwards acquired by gift, devise, or inheritance, shall not be subject to the debts or contracts of her husband. Section 7044, L. O. L. (Act of 1878), makes provisions of a like effect.

In *Gladstone Lumber Co.* v. *Kelly*, 64 Or. 163 (129 Pac. 763), it was held that where a husband purchased

property with his wife's money, taking title in himself contrary to her instructions, the property could not be subjected to his debts in a suit to set aside a conveyance from the husband to the wife. Upon the hearing, for a *prima facie* case plaintiff introduced the judgment roll in the case of *Bank* v. *George A. Bradburn,* and also the deed made by defendant George A. Bradburn to his wife, Zella M. Bradburn.

The evidence of defendant Zella M. Bradburn, and that of her husband, together with that of her brother-in-law, Mr. L. B. Wallace, and her mother, Mrs. S. E. Collier, showed the transaction as follows: After the defendants were married in the State of Colorado, Mrs. Bradburn inherited a considerable sum of money from her father's estate. This she invested, together with funds belonging to her mother, in land in that State. Soon after the defendants came to Oregon, the land in Colorado, upon which there was a small indebtedness, was sold for $19,000; Mrs. Bradburn receiving $7,500 as a part of her share. This was about the time of the purchase of the Sheridan and Agee land. This tract was bought by Mrs. Bradburn, in company with three others, for the sum of $30,000, she buying a one-fourth interest therein and paying therefor $5,000 out of the money received from the property sold in Colorado; her portion of the remaining indebtedness being $2,500. The deed was executed to George A. Bradburn and the three other parties. It appears that about that time Mrs. Bradburn purchased other tracts with the money belonging to her. No testimony was introduced by plaintiff in rebuttal. The testimony of the Bradburns and their witnesses, which appears reasonable and fair, stands uncontradicted.

The vital question in the case is whether or not the property in question was owned by Mrs. Bradburn in her own right. If so, she had a perfect right to take a

conveyance thereof to herself. The facts detailed by the defendants and their witnesses, which occurred in the State of Colorado where the plaintiff is, if not true, were susceptible of being disproved. The testimony of Mrs. Bradburn and her witnesses is clear and convincing to the effect that the property in question in this suit belonged to Mrs. Bradburn in her own right; that the deed in controversy was not fraudulently obtained; that she originally inherited money from her father which she invested and increased in amount, and with which she purchased the property in question, as well as other valuable tracts of land in that county; and that, while her husband assisted her in the management of the business pertaining to her property, he had no real interest in the same.

The decree of the lower court will therefore be affirmed.                                            AFFIRMED.