Stannis *v.* Nicholson.

---

SAMUEL STANNIS, Respondent, *v.* D. W. NICHOLSON, Appellant.

*Appeal from Benton County.*

1. A judgment becomes a lien upon real estate from the time of its docketing, subject to the known equitable rights of others in the premises.
2. What would be notice sufficient to put a purchaser upon inquiry.

Stannis *v.* Nicholson.

3. A purchaser with full knowledge or notice of equitable rights will not be permitted to protect himself against those rights; but his title will be postponed to them.

THIS suit in equity was instituted to quiet the title and possession of Stannis, the respondent, to a certain piece of land, containing about eighty acres, situated in Benton county, Oregon.

In September, 1858, W. J. Robertson was the owner of this tract of land, and about that time respondent made a contract to purchase it for $480. Respondent paid the purchase money, took the bond of Robertson for title, and immediately entered into possession thereof, and made valuable and lasting improvements on it. Afterwards, on the 27th of January, 1860, Robertson confessed a judgment before the clerk of the Circuit Court of Benton county, for $255, with interest at three per cent per month in favor of appellant, Nicholson, which judgment was duly docketed on the same day. Appellant caused an execution to be issued on said judgment on the 3d day of November, 1860, and the land sold thereon on the 29th day of December, 1860, at which sale appellant became the purchaser; and, afterwards, on the 6th day of April, 1861, received the sheriff's deed for the said land, and had it duly recorded.

On the 26th day of September, 1860, in pursuance with the terms of the bond previously given, Robertson conveyed the land by deed to respondent, which was also duly recorded. It appears that before the confession and docketing of said judgment, and the sale of the land on execution, Nicholson had full knowledge of the facts that Stannis had bought and paid for the land, as heretofore stated; that he was in the possession and occupancy thereof, and had made said improvements. The Circuit Court found the equities in favor of Stannis, and entered its decree accordingly, from which Nicholson appealed here.

*Odeneal & Simpson,* for appellant:

Stannis *v.* Nicholson.

1st. That Robertson was merely an equitable owner under a bond for a deed, which bond did not and could not give him possession. (*Session Laws*, 1855–6, *page* 69, *sections* 5, 6.)

2d. The possession of Stannis not being warranted by law was no notice to appellant. (6 *Barb. S. C.*, 116; 3 *Kern.*, 183.)

3d. The contract of Stannis should have been acknowledged and recorded to impart notice to appellant. (*Stat.* 1856, *p.* 523, *sec.* 35; 10 *Paige*, 346.)

4th. Stannis, not being in legal possession, and the registry law not having been complied with, *actual* notice was necessary to appellant before judgment. (3 *Pick.*, 154.)

5th. Confession of judgment was an implied contract to sell the land to appellant. (4 *Cow.*, 599.)

6th. Appellant, being first on the record, should prevail. (4 *Kent.*, 202; 3 *Kern.*, 183; 1 *Dana*, 168; 8 *Mo.*, 479; 11 *Mo.*, 77; 4 *Bibb*, 78; 2 *Green*, 52.)

7th. Purchase money was not paid until after the docketing of the judgment against Stannis. (17 *Barb.*, 137.)

*J. Strahan, Esq.*, for respondent:

3d. Appellant, having purchased with full knowledge of respondent's equitable title, will not be permitted to defeat his just rights by his own iniquitous bargain. (*Story's Eq. Jur.*, *secs.* 395–96; 1 *Johns. Ch.*, 566; 2 *Johns.*, *Ch.*, 155, 160; 1 *Pick.*, 164; 3 *Pick.*, 150; 2 *Paige*, 300; 5 *Johns. Ch.*, 33; 6 *Paige*, 383; 11 *Wendell*, 448.)

4th. *Statute of* 1855, *page* 522, *section* 26, only protects subsequent purchasers in good faith for a valuable consideration. These cannot be pretended here. (3 *Pick.*, 153; *Story's Eq. Jur.*, *secs.* 397–8–9, 400, 410, *n.* 3, 1502–3, *note.*)

5th. Lien of a judgment is subject to all equities which exist at the time of its recovery. (3 *Kern.*, 181–90.)

PRIM, J.   The judgment confessed by Robertson in favor of appellant was docketed on the 27th of January, 1860, which thereby became a lien on the land in dispute from that date;

Stannis *v.* Nicholson.

but, at the time this lien took effect, respondent was in the possession and occupancy of the land under a contract to purchase the land, entered into prior to that time with the judgment debtor, Robertson. The purchase money had been paid, and Robertson had executed a bond obligating himself to convey the legal title at some future time. Then, it will be seen that the equitable title to the land in question was already in respondent at the time appellant's judgment lien commenced to run, consequently his judgment lien was subject to all of the known equitable rights of respondent in the premises at the time. This principle seems to be well established by authority. In the case of *Moyer* v. *Hinman*, 3 *Kernan, p.* 183, the court says "that this position is so well established by authority as to have become an elementary doctrine in this branch of the law of real estate."

Appellant afterwards caused an execution to be issued on his judgment, and had the land in dispute sold on execution, at which sale he became the purchaser, thereby, as it is claimed, reducing his lien to an absolute legal title. It appears, while this was being done, respondent was in the possession and occupancy of the land, and had made valuable improvements thereon by fencing, &c., which was sufficient at least to put appellant on inquiry whether he had actual notice or not.

Be this as it may, it appears that he had full notice of the equitable rights of respondent. Under these circumstances, a court of equity will not allow appellant to protect himself against the equitable claims of respondent; but his title, thus obtained, must be postponed or made subservient to that of respondent. It would be gross injustice to allow him to defeat the rights of respondent by his own unjust proceeding. (*Story's Eq. Jur.*, 395–6.) We think the Circuit Court very properly held appellant to be a trustee for the use and benefit of respondent.

Decree affirmed.