Per Curiam.

[Filed March 5, 1890.]

*GEO. W. RIDDLE, Respondent, *v.* H. B. MILLER, Appellant.

ATTACHMENT—LIEN—BONA FIDE PURCHASER.—(1) The intention of the legislature in adopting the several provisions of the statute (Hill's Code, §§ 150, 151, 271,) was to give a creditor under an attachment, judgment or execution the same standing in regard to his right in or to the property affected thereby which he would gain by a purchase of the property from the debtor.

(2)  A creditor who attaches the land of his debtor or obtains and dockets a judgment against him, who is at the time informed of an outstanding equity or of facts sufficient to put him upon inquiry, takes his lien subject and subordinate to such equity.

(3)  Where the equitable right is superior to the legal right, its establishment in a court of equity becomes paramount to the legal right established in a court of law.

PETITION FOR REHEARING.—This was an appeal from the circuit court of Josephine county. Upon the hearing the court announced its decision as follows: "The only question of law arising upon this record we considered and decided in *Wood* v. *Rayburn*, 18 Or. 3. We see no reason to depart from the conclusions there announced. After a careful examination of the evidence, we have reached the same conclusions that the court below did. We do not think a particular examination of the facts disclosed by the evidence is necessary. The decree appealed from must therefore be affirmed."

Counsel for appellant subsequently filed a petition for a rehearing.

*A. H. Tanner*, for Appellant.

*P. P. Prim* and *Davis Brower*, for Respondent.

PER CURIAM.—The counsel for the appellant herein, in his petition for a rehearing, has suggested certain propositions which he claims have a bearing upon the merits of his appeal, and which did not appear, from the opinion of the court rendered, to have been considered. The first proposition is as to the effect to be given to section 150 (supposed to have been intended 271) and subdivision 4, section 283, Ann. Code. Said section 150 provides that,

---

*NOTE.—This opinion should have appeared in 18 Or. 460, but was omitted by mistake.—REPORTER.

"from the date of the attachment until it be discharged or the writ executed, the plaintiff, as against third persons, shall be deemed a purchaser in good faith, and for a valuable consideration of the property," etc.   Section 271 provides:   "A conveyance of real property or any portion thereof or interest therein shall be void as against the lien of a judgment unless such conveyance be recorded at the time of docketing such judgment or the transcript thereof, as the case may be, or unless it be recorded within the time after its execution provided by law, as between conveyances for the same real property."   Subdivision 4 of said section 283 provides "that property shall be levied on in like manner and with like effect as similar property is attached, as provided in section 149   *   *   * and 152   *   *   * omitting the filing of the certificate provided for in section 151."

The intention of the legislature in adopting these several provisions of the statute was to give the lien creditor under an attachment, judgment or execution, the same standing in regard to his right in or to the property affected thereby which he would gain by a purchase of the property from the debtor, so that in case the debtor had, prior to the levy of the attachment or execution or the docketing of the judgment, executed a deed of conveyance of it, if real property, and the deed were not recorded, as provided in sections 3023, 3024, Ann. Code, within five days thereafter, it would be void as provided in section 3027, Ann. Code.  Under the said provisions the lien of the creditor may attach to property rights which the debtor has in fact conveyed away by deed good as between him and his grantee; while under the law as it existed prior to their adoption by the legislature a creditor would only acquire by virtue of such levy or of the docketing of the judgment a lien upon the actual interest which the debtor had in the property at the time the attachment or execution was issued or judgment docketed.   The statute has materially enlarged the creditor's right under the proceedings, in the manner indicated ; but the legislature did not

intend thereby to give to a creditor, by virtue of such levy or the docketing of a judgment, any right as against an outstanding equity known to him at the time his lien attached. Acts of that character have always been construed as giving to a creditor, under such circumstances, such rights only as he would acquire under a voluntary sale of the property to him by the debtor for a valuable consideration. They operate to cut off the equities of third persons in the property, where the proceeding under them is taken and perfected without any knowledge of such equities. In the latter case, the equities between the parties being equal, the law prevails; but where a creditor resorts to such a proceeding who is informed of the outstanding equity, or of facts sufficient to put him on an inquiry by which he could ascertain the existence of such equity, the lien he secures thereby will be subject to it. This view has been sustained by two decisions of this court. *Stannis* v. *Nicholson*, 2 Or. 332, and *Baker* v. *Woodward*, 12 Or. 12, 13, also by the circuit court of the United States for the district of Oregon, in *U. S.* v. *Griswold*, 7 Saw. 332. Those cases refer more directly to a construction of said section 271, Code, but they apply with equal force to said section 150. The second proposition presented in the petition, "that respondent has lost his right to equitable relief by his own laches and negligence," is not, in our opinion, maintainable from the facts and circumstances of the case. We think the evidence shows clearly that at the time the lot in suit was attached at the suit of the appellant, he had at least sufficient notice of the respondent's rights in the lot to put him upon inquiry. The third proposition, that the decree of the court below should be so modified as to allow the appellant to recover the costs and disbursements awarded him in the action of ejectment, and the fourth one, "that the said decree should be further modified so as to require the respondent Riddle to pay appellant's judgment against Royal as a condition to the relief prayed for," are untenable. The principle which governs in such cases is that the equitable right is

superior to the legal right; that the establishment of the latter in a court of law is conclusive of the rights of the parties in that forum, while the establishment of the former in a court of equity becomes paramount thereto. The appellant herein is presumed to have had an unconscionable advantage of the respondent, and to have attempted its enforcement in the legal tribunal, in which the latter was unable to interpose his equity as a defense. He therefore resorted to the equity branch of the court in order to assert it and arrest the proceeding of the appellant. The court, sitting as a court of equity, heard the respondent's complaint, and said to the appellant, in effect: "Desist from further proceeding in the matter, as your course is inequitable and unjust." Now, if the court after saying this, were to say to the respondent, "but you must pay the appellant the costs of his wrongful proceeding," it would be highly absurd.

The petition for a rehearing will be denied.