Argued February 6, decided February 11, 1913.

**GLADSTONE LUMBER COMPANY *v.* KELLY.**

(129 Pac. 763.)

**Evidence—Best and Secondary.**

1. Secondary evidence of a building bond and of an application for the bond was improperly admitted, where there was no showing of diligence to produce the original instruments, except the witness' testimony that he had forwarded them to the home office of the bonding company in another state.

**Husband and Wife—Wife's Separate Property—Liability for His Debts.**

2. Where a husband purchased property with his wife's money, taking title in himself, contrary to her instructions, the property could not be subjected to his debts.

**Estoppel—Pleading—Necessity.**

3. The defense of estoppel cannot be considered when not pleaded.

From Multnomah:   HENRY E. MCGINN, Judge.

Statement by MR. JUSTICE BURNETT.

The plaintiff, Gladstone Lumber Company, a corporation, in its own right and as assignee of sundry claims of

others, recovered judgment against the firm of Kelly & Mahoney. While the partnership was indebted on the original claims, Kelly conveyed to his wife certain real property, the record title of which theretofore was in the name of them both jointly. An execution having been issued on the judgment and returned unsatisfied, the plaintiff began this suit against Kelly and his wife to set aside the conveyance mentioned, on the ground that the husband had made it with intent to hinder, delay, and defraud his creditors, and particularly the plaintiff here.

The answer of the defendants admitted the indebtedness, the rendition of the judgment, and the return of the execution unsatisfied, but denied all the allegations charging an attempt to defraud creditors. The substance of the new matter in the answer is to the effect that with money which was her own separate property, acquired by inheritance from her former husband, the defendant, Hattie I. Kelly authorized her present husband, before the contracting of any of these debts, to buy for her the realty in dispute; that in pursuance of her authority, he purchased the tract, taking title to both her and himself jointly, without her knowledge; that as soon as she became aware of this form of the deed, she demanded of her husband that he immediately convey to her the title to the premises, but that he neglected to do so until the date mentioned in the complaint, when he deeded the property to her, as already requested.

The reply consists only of a traverse of all the allegations of new matter in the answer, except the fact that Kelly made the deed to his wife. The court, after trial, made findings and decree in favor of the defendants and the plaintiff appeals.        AFFIRMED.

For appellant there was a brief with oral arguments by *Mr. L. E. Crouch* and *Mr. O. D. Eby.*

For respondents there was a brief over the names of *Messrs. Manning & White,* with an oral argument by *Mr. Sam White.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. On behalf of the plaintiff the only testimony about where the real ownership of the premises in dispute was vested came from the defendant husband, whom the plaintiff called as a witness. The plaintiff having thus vouched for his credibility, he testified very clearly that the money invested in the land was his wife's separate property, coming to her from the estate of her former husband; that he himself did not invest anything whatever therein; that, without his wife's knowledge or consent, he took the title of the property in the names of them both; and that as soon as the fact came to her notice she demanded of him a reconveyance of the property to her in severalty. To contradict him, although he was the plaintiff's own witness, an attorney of a bonding company was called by plaintiff, and, over the objection of defendant, was allowed to testify, without producing the writing, that in an application made by Kelly and his partner to the company for a building bond, in a transaction occurring long before the indebtedness in question arose, a statement in writing was made of the property of the applicants, in which it was set out that the defendant Kelly, the husband, was the owner of the tract in question. This property statement was not shown to have come to the knowledge of the wife, and was not signed by her, although she executed the building bond in connection with that statement. Even this was not proven, except by the attorney witness. No showing is made of any diligence to produce the original writing, or the bond which the defendant wife is said to have signed, except the statement of the witness that a few days before the trial he had forwarded them to the home office of the company in New York; hence the testimony on that subject was inadmissible under the rule laid down in *Wiseman* v. *N. P. R. R. Co.,* 20 Or. 425 (26 Pac. 272: 23 Am. St. Rep. 135); *Harmon* v. *Decker,* 41 Or. 598 (68

Pac. 11, 1111: 93 Am. St. Rep. 748) ; *Price* v. *Wolfer,* 33 Or. 15 (52 Pac. 759).

2. The only other testimony in the case about the ownership of the money invested in the land came from the defendant wife, and she gives a very clear statement of how the property from which the money was derived descended to her from the estate of her former husband. The effect of the statements of the only persons who testify on the subject is that the defendant husband never invested a dollar in the land, and that all the consideration for its purchase was paid out of the wife's separate property, over which he had no right or control. Although the legal title appears of record to be in a judgment debtor, only his actual interest therein is liable to a judgment against him. *Meier* v. *Kelly,* 22 Or. 136 (29 Pac. 265) ; *Dimmick* v. *Rosenfeld,* 34 Or. 101 (55 Pac. 100) ; *Rugh* v. *Ottenheimer,* 6 Or. 231 (25 Am. Rep. 513).

3. Much space was devoted in the plaintiff's brief to the argument that the defendant wife was estopped from claiming any interest in the property, because she had allowed the property to stand so long in the name of her spouse; but no estoppel is pleaded, and it cannot be considered here. *Rugh* v. *Ottenheimer,* 6 Or. 231 (25 Am. Rep. 513) ; *Remillard* v. *Prescott,* 8 Or. 37; *Bruce* v. *Phoenix Ins. Co.,* 24 Or. 486 (34 Pac. 16) ; *Bays* v. *Trulson,* 25 Or. 109 (35 Pac. 26) ; *Nickum* v. *Burckhardt,* 30 Or. 464 (47 Pac. 788: 48 Pac. 474: 60 Am. St. Rep. 822) ; *Christian* v. *Eugene,* 49 Or. 170 (89 Pac. 419). Even if the estoppel had been urged in the reply, there was nothing to sustain it in the evidence, except the incompetent testimony above mentioned. The judgment debtor having put nothing into the property, his creditors can take nothing out of it.

The decree in favor of the defendants was right, and must be affirmed.                                    AFFIRMED.

MR. JUSTICE BEAN concurs in the result.