Argued June 8, reversed and remanded October 4, 1977

WILSON et ux, *Appellants,*

*v.*

WILLAMETTE INDUSTRIES, INC., *Respondent.*

(TC 75-0970, SC 24724)

569 P2d 609

Fredric R. Merrill, Eugene, argued the cause for appellants. With him on the brief were Herb Lombard and Sahlstrom & Lombard, Eugene.

Richard A. Edwards, Portland, argued the cause for respondent. With him on the brief were David C. Culpepper and Miller, Anderson, Nash, Yerke & Wiener, Portland.

Before Denecke, Chief Justice, and Holman, Tongue and Tompkins, Justices.

TONGUE, J.

**TONGUE, J.**

This is a suit to quiet title brought by purchasers of real property under an unrecorded deed. The defendant is the holder of a subsequent judgment against plaintiffs' vendor, who was then still the owner of record. Plaintiffs appealed from a decree holding that plaintiffs' claimed interest in the property is subsequent in right and interest to that of defendant and that plaintiffs' deed is void as against the lien of defendant's judgment.

Plaintiffs contend that this holding was in error in that it is directly contrary to the holding of the court in *Thompson et al v. Hendricks et al,* 118 Or 39, 245 P 724 (1926). In response, defendant contends that our holding in *Thompson* was wrong and should be overruled.

The question presented for decision in *Thompson,* as in this case, involved the proper interpretation of two statutes, now ORS 18.350 and 18.370, which were originally enacted in 1862 as §§ 266 and 268 of the General Laws of Oregon, the original Deady Code of Civil Procedure. Those statutes are as follows:

ORS 18.350 provides:

"(1) From the time of docketing an original or renewed judgment or the transcript thereof, as provided in ORS 18.320, such judgment shall be a lien upon all the real property of the defendant within the county or counties where the same is docketed, or which he may afterwards acquire therein, during the time prescribed in ORS 18.360.

"* * * * *"

ORS 18.370 provides:

"A conveyance of real property, or any portion thereof, or interest therein, shall be void as against the lien of a judgment, unless such conveyance be recorded at the time of docketing such judgment, or the transcript thereof, as the case may be."

In *Thompson* this court reviewed each of its many

[ 47 ]

prior decisions construing these statutes.[1] In doing so, the court noted (at 44 and 45) that in both *Gladstone Lumber Company v. Kelly,* 64 Or 163, 129 P 763 (1913), and in *Schultz v. Selberg,* 80 Or 668, 157 P 1114 (1916), it had been held that although the legal title of record may appear to be in the judgment debtor, *only his actual interest in realty is liable for the satisfaction of a judgment against him.*[2]

This court then said in *Thompson* (at 46) that the defendant in that case contended that "the decisions above referred to [which included *Gladstone Lumber Company v. Kelly,* 64 Or 163, 129 P 763 (1913), and *Schultz v. Selberg,* 80 Or 668, 157 P 1114 (1916)] should not be followed * * * because they fail to give effect, * * * to the provision of Section 207 [now ORS 18.370]."

In rejecting that contention, and in an apparent attempt to settle the law on this subject, this court (at 46-47) adopted the following course of reasoning:

"* * * The provision contained in Section 207 [now ORS 18.370] is inconsistent with the provision contained in Section 205 [now ORS 18.350], which *latter section provides that the judgment when docketed shall be a lien upon all the real property of the defendant, clearly intending to limit the lien to the property of the defendant only, and not to give a lien on some other person's property.* These provisions are parts of one and the same act, and it would seem that the applicable rule for their

---

[1] The prior decisions thus reviewed included: *Stannis v. Nicholson,* 2 Or 332 (1868); *United States v. Griswold,* 8 Fed 556 (7 Sawy 332) (1881); *Baker v. Woodward,* 12 Or 3, 6 P 173 (1884); *Riddle v. Miller,* 19 Or 468, 23 P 807 (1890); *Meier v. Kelly,* 22 Or 136, 29 P 265 (1892); *Laurent v. Lanning,* 32 Or 11, 51 P 80 (1897); *Dimmick v. Rosenfeld,* 34 Or 101, 55 P 100 (1898); *Smith v. Farmers & Merchants' Nat. Bank,* 57 Or 82, 110 P 410 (1910); *Gladstone Lumber Company v. Kelly,* 64 Or 163, 129 P 763 (1913); *Schultz v. Selberg,* 80 Or 668, 157 P 1144 (1916); *People's Bank v. Rostad,* 86 Or 695, 169 P 347 (1917); *Hawkenson v. Rostad,* 86 Or 704, 169 P 350 (1917); and *Belcher v. La Grande Nat. Bank,* 87 Or 665, 171 P 410 (1918).

[2] This is in accord with decisions by other courts. *See, e.g., Halsted v. Halsted,* 169 Neb 325, 99 NW2d 384 (1959); *Davis v. Commonwealth Trust Co.,* 335 Pa 387, 7 A2d 3, 6 (1939); *Arundel Debenture Corporation v. Le Bond,* 139 Fla 668, 190 So 765, 767-68 (1939) and *Davis v. Perry,* 120 Cal App 670, 8 P2d 514 (1932).

[ 48 ]

construction would be that where there are two inconsistent provisions in a statute, the one must, if possible, be read as a qualification of the other; * * *

"If this rule is applicable to the construction of this act, then by reading the provision contained in Section 205 [now ORS 18.350], *the statute means that any unrecorded conveyance of real property is void as against the lien of a judgment upon whatever real property, if any, the judgment debtor may have at the time the judgment is docketed.* Under this construction, any prior unrecorded, fraudulent conveyance would be void because not passing title, but if the unrecorded conveyance was one which was made in good faith and for value, the lien would not attach, even though the judgment creditor had no knowledge or notice of it. *By merely docketing his judgment, a judgment creditor parts with nothing, and does not become entitled to have the property of an innocent purchaser for value applied in satisfaction of a debt he does not owe. When properly construed, we think the statute did not so intend.* * * * There does not seem to be any reason why this statute should be extended so as to exclude from its operation prior unrecorded conveyances creating equitable estates and include prior unrecorded conveyances creating legal estates where the latter were made in good faith for value." (Emphasis added)

Despite criticism of that decision in 1952,[3] the interpretation of these statutes in *Thompson,* which reaffirmed the rules as previously stated in *Gladstone Lumber Company* and *Schultz,* appears to have settled the law on the question, at least until 1970.

In that year in *Chaffin v. Solomon,* 255 Or 141, 465 P2d 217 (1970), it was contended, for the first time in this court since 1926, that the rule as stated in *Thompson* was bad law and that our decision in that case should be overruled.[4] In *Chaffin,* however, this court found it unnecessary to decide that question because the plaintiff in that case (also a suit to quiet

---

[3] *See* Note, 31 Or L Rev 330, 341-46 (1952).

[4] Respondent cites *Brownley v. Lincoln County,* 218 Or 7, 18, 343 P2d 529 (1959). No such contention was made in that case.

title) had been in possession of the property in dispute under such circumstances as to give defendant constructive notice of his claim of ownership (*see* 255 Or at 149-50).

In a specially concurring opinion by O'Connell, J., it was contended (at 150) that *Thompson* should be "repudiated" to "clarify our recording statutes" because it "was wrong in interpreting ORS 18.350 and 18.370 for reasons stated in a note by William E. Love in 31 Or L Rev 330 (1952)."

The primary criticism of our decision in *Thompson,* as stated in 31 Or L Rev 330, *supra* (at 346), was as follows:

"* * * [T]he construction given to the judgment-lien statutes in the *Thompson Case* [Thompson et al v. Hendricks et al, 118 Or 39, 245 P 724 (1926)] is difficult to support. The interpretation given in *Meier v. Kelly* [22 Or 136, 29 P 265 (1892)] more closely follows the statutory language employed, and also what must have been the legislative intent in passing the statutes. The resulting confusion and ambiguity can probably best be alleviated by new legislation."[5]

A proposal for such legislation was then made and discussed (at 346). Apparently, however, the Oregon legislature has either declined or failed to accept that invitation in 1952 to "alleviate" what was claimed to be "confusion and ambiguity" by "new legislation."

Indeed, the very purpose of the decision in *Thompson* was to resolve any such "confusion and ambiguity" in the interpretation of what is now ORS 18.350 and 18.370 by reading these provisions (at 46) as "parts of one and the same act" and by applying the familiar rule of statutory construction that in the event of inconsistent provisions in a statute one of such provisions must, if possible, be read as a qualification of the other.

---

[5] It was also contended that our interpretation in *Thompson et al v. Hendricks et al,* 118 Or 39, 245 P 724 (1926) of what is now ORS 18.350 and 18.370 was dictum. (*See* 31 Or L Rev *supra,* at 345). On the contrary, we consider our interpretation of those statutes in *Thompson* to constitute at least an "alternative holding," if not the primary basis for our decision in that case. *Cf. Woodward v. Pacific Fruit & Produce Co.,* 165 Or 250, 256, 106 P2d 1043 (1940).

In the application of that rule of statutory construction it was then necessary for this court to decide which of the two inconsistent provisions should be held to be controlling over the other. In resolving that conflict it was pointed out (at 43-43) that in the early case of *Meier v. Kelly,* 22 Or 136, 29 P 265 (1892), it was stated, by dictum, that the "object of the statute [apparently referring to what is now ORS 18.370] is to require parties holding conveyances to put them upon record, and for a failure to do so subject their interests to the liens of subsequently acquired judgments."

It may be that such a rule would "more closely follow the statutory language" of ORS 18.370. The problem which confronted this court in *Thompson,* however, was that what is now ORS 18.350 provided that upon the docketing of a judgment, it "shall become a lien upon all *the real property of the defendant*" and that after a defendant had made a conveyance of all of his interest in such property, that property was no longer "the real property of the defendant," regardless of whether or not such a conveyance was recorded. Moreover, in two cases subsequent to *Meier* (*Gladstone Lumber Company* and *Schultz*) it had been held that only the "actual interest" of a judgment debtor in real property is liable for the satisfaction of a judgment against him.[6]

This court resolved that conflict in *Thompson* by considering (at 46-47) both the interest of the judgment debtor and the interest of "an innocent purchaser for value" and held (at 47) that when so considered "we think the statute did not * * * intend" to "have the property of an innocent purchaser for value applied in satisfaction of a debt he does not owe" to a judgment

[6]Defendant cites and relies upon *Baker v. Woodward,* 12 Or 3, 6 P 173 (1884); *Riddle v. Miller,* 19 Or 468, 23 P 807 (1890); and *Meier v. Kelly,* 22 Or 136, 29 P 265 (1892), as holding to the contrary. Those earlier decisions were specifically considered by this court in *Thompson* (at 42-43). The court chose, however, to reach a contrary result, after citing and quoting from its subsequent decisions in *Gladstone Lumber Company v. Kelly,* 64 Or 163, 129 P 763 (1913), and *Schultz v. Selberg,* 80 Or 668, 157 P 1114 (1916).

creditor who had "part[ed] with nothing" by docketing the judgment.

■ It may be that from the standpoint of creditors it would be desirable to give literal effect to the provisions of ORS 18.370. When, however, the provisions of ORS 18.350 are considered, together with the interests of innocent purchasers for value, we cannot disagree with the resolution of those conflicting interests and statutory provisions in the manner in which that conflict was resolved in *Thompson*. Indeed, we again agree that these two statutory provisions were not intended by the legislature to subject the property of an innocent purchaser for value to the lien of a judgment against a debtor who had previously conveyed all of his interest in the property in dispute to such a purchaser.

No contention is made by this defendant that these plaintiffs were other than innocent purchasers for value. Indeed, there was testimony that plaintiffs not only made payments to a savings and loan company, which apparently held a mortgage on the property, but delivered the "documents" to it and assumed that they would "take care of" it.

■ This court is not inflexibly wedded to the concept of *stare decisis.* This court has held, however, that a long-standing construction of a statute by the courts should not be overruled unless "manifestly wrong" when, as in this case, contracts have been made and property rights acquired in reliance upon such an interpretation of the statute, even though there may have been no such reliance by the parties to a

---

[7]We note at this point the apparent reliance by the lawyers of Oregon upon the rule as stated in *Thompson et al v. Hendricks et al,* 118 Or 39, 245 P 724 (1926). *See* Oregon State Bar CLE, Real Property § 31.12 (1975), which states that rule as follows:

"When a purchaser is deeded land in good faith and for value, but does not record his deed until a later time, *a judgment against his grantor docketed during the intervening period will not result in a lien against the bare legal title of the grantor. Thompson v. Hendricks,* 118 Or 39, 245 P 724 (1926)." (Emphasis added)

[ 52 ]

particular case. *Cf. Noonan v. City of Portland,* 161 Or 213, 239-40, 88 P2d 808 (1939).[7] Such a rule is particularly appropriate when, as in this case, many succeeding legislatures have refrained from modifying or repealing the effect of the court's construction of such a statute. *Cf. Parrot v. Hanson,* 180 Or 620, 623, 175 P2d 169 (1946).

For all of these reasons, we decline to overrule our previous decision in *Thompson,* including our construction of what is now ORS 18.350 and 18.370, as set forth in our decision of that case. If, as contended by a critic of that decision, there is "resulting confusion and ambiguity," we agree with the suggestion by that critic that any remaining "confusion and ambiguity" can "probably best be alleviated by new legislation."[8]

It follows that the trial court erred in holding that plaintiffs' claimed interest in the property is subsequent in right and interest to that of defendant and that plaintiffs' deed is void as against the lien of defendant's judgment. It also follows that this case must be remanded to the trial court for entry of a decree in conformance with this opinion.[9]

Reversed and remanded.

---

[8] Note, 31 Or L Rev, *supra* n.3, at 346.

[9] Because of the basis on which we decide this case it is not necessary to consider plaintiffs' additional assignments of error.