Argued September 13, 1978, reversed and remanded February 7, 1979

# UNITED FINANCE CO.,
## GLADSTONE, *Respondent,*
*v.*
## KING et al, *Respondents,*
## KING, *Appellant.*
## (TC 77-3-114, SC 25639)
590 P2d 228

Ridgway K. Foley, Jr., Portland, argued the cause for appellant. With him on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe, Donald Joe Willis, Ancer L. Haggerty; Wheelock, Niehaus, Hanna, Murphy & Ogilvy and William C. Ogilvy.

No appearance by other parties.

Before Denecke, Chief Justice, and Bryson and Linde, Justices.

LINDE, J.

**LINDE, J.**

The question for decision is whether judgments and tax liens filed in a county where real property is located are liens against property previously awarded to the debtor's spouse in a divorce decree elsewhere and not recorded in that county.

In a property settlement incorporated in a decree of dissolution of marriage rendered in Multnomah County on November 13, 1975, and effective January 13, 1976, Mrs. King was awarded the equitable ownership of a residence in Clackamas County, subject to encumbrances not at issue here. This decree was not then filed in Clackamas County.

In October, 1974, before the dissolution, Mr. and Mrs. King had executed a note and trust deed to Time Finance Co., which was recorded in Clackamas County and later assigned to plaintiff United Finance Co., Gladstone. The lien of that trust deed is not challenged. At issue are various other liens filed in Clackamas County by creditors of Mr. King alone on different dates beginning in December, 1975. These are three tax liens filed by the United States on December 26, 1975, February 13, 1976, and February 27, 1976, seven tax liens filed by the State of Oregon between April 13 and May 21, 1976, and a judgment against Mr. King filed by Electrical Construction Company on May 24, 1976. Mrs. King filed a copy of her decree of dissolution in Clackamas County on March 21, 1977.

In the present proceeding, the circuit court decreed foreclosure of the 1974 trust deed held by plaintiff. The decree further ordered that any surplus after the satisfaction of plaintiff's judgment be applied to satisfy the liens stated above in their chronological order. Mrs. King appeals from the latter part of the decree, arguing that after the decree of dissolution awarded the property to her, her husband had no interest in the property to which subsequent liens on behalf of his creditors could attach.

[175]

The parties below and appellant here briefed the issue on the basis of the provisions for judgment liens in ORS 18.310 – 18.370, and cases decided thereunder.[1] These sections provide that when a judgment or decree is entered and docketed where it is rendered, a certified copy may be filed in the office of the clerk of any county in the state, ORS 18.320, and becomes a lien on "all real property of the defendant" in any county where it is docketed. ORS 18.350. ORS 18.370 provides:

> A conveyance of real property, or any portion thereof, or interest therein, shall be void as against the lien of a judgment, unless such conveyance be recorded at the time of docketing such judgment, or the transcript thereof, as the case may be.

The Oregon tax liens have the status of "judgments" by virtue of ORS 314.430(2).[2] No statute gives federal tax liens the status of "judgments" so as to bring them within the text of ORS 18.370. We need not consider whether that section would nevertheless subordinate an unrecorded conveyance to a federal tax lien as a matter of Oregon law. The federal tax lien statute only makes the amount of a delinquent tax payment a lien "upon all property and rights to property, whether real or personal, belonging to" the person liable for the tax. 26 USC § 6321. The first of the federal tax liens against Mr. King "arose," pursuant to 26 USC § 6322, when it was assessed on

---

[1] The creditors involved have made no response to appellant's brief, and no reference was made in this court to any possible relevance of the recording statutes, ORS 93.610 – 93.800 or the statutes concerning con· veyances in fraud of creditors, ORS 95.020, ORS 95.070.

[2] ORS 314.430(2):

> The sheriff shall, within five days after the receipt of the warrant, file with the clerk of his county a copy thereof, and thereupon the clerk shall enter in the judgment docket, in the column for judgment debtors, the name of the taxpayer mentioned in the warrant, and in appropriate columns the amount of the tax or portion thereof and penalties for which the warrant is issued and the date when such copy is filed. Thereupon the amount of the warrant so docketed shall become a lien upon the title to and interest in property of the taxpayer against whom it is issued in the same manner as a judgment duly docketed in the office of such clerk. . . .

November 15, two days after the decree of dissolution. If Mr. King had no rights in the residence after November 13, the federal lien did not attach to the residence. *Aquilino v. United States,* 363 US 509 (1960); *Crapper v. Berliner's,* 269 Or 117, 523 P2d 1025 (1974).

With respect to the Oregon statutes, the decisions concerning the relationship between ORS 18.350 and ORS 18.370 were most recently reviewed in *Wilson v. Willamette Industries, Inc.,* 280 Or 45, 569 P2d 609 (1977). They have commonly involved the position of an innocent purchaser for value under an unrecorded conveyance as against one who holds a judgment or other lien against the owner of record of the real property which has been subsequently filed in the county where the property is located. The difficulty in that line of cases arose because of an apparent contradiction between the reference in ORS 18.350 to the property "of the defendant" (in the case leading to the creditor's judgment), and the provision of ORS 18.370 subordinating an unrecorded conveyance to the judgment lien.

In *Wilson,* the court reaffirmed the conclusion of *Thompson et al v. Hendricks et al,* 118 Or 39, 245 P 724 (1926), that the phrase "all property of the defendant" in ORS 18.350 meant "to limit the lien to the property of the defendant only, and not to give a lien on some other person's property." 280 Or at 48, quoting 118 Or at 46. *A fortiori* that conclusion must apply when, as in this case, the real property has changed ownership not by virtue of a "conveyance" but of a judicial decree, so that the two sections do not conflict literally but only if we were to extend "conveyance" to include a decree. Although the decree here merely approved a property settlement submitted by the parties, there is no suggestion that the settlement was designed to defraud the husband's creditors. *Cf.* ORS 95.020, 95.070. We hold that liens docketed in Clackamas County could not attach to the residence after it became the property of Mrs. King.

[177]

■ It remains to be decided when this occurred, since the first tax lien of the United States arose on November 15, 1975, which fell between the entry of the decree of dissolution and its effective date. ORS 107.115(1) provides in part:

> Such decree shall give the court jurisdiction to award, to be effective immediately, the relief provided by ORS 107.105 . . . but the decree shall not be effective in so far as it affects the marital status of the parties until the expiration of 60 days from the date of the decree, . . .

The relief referred to includes provisions for the division or other disposition between the parties of the real or personal property of either or both of them. ORS 107.105(1)(e). There is no question that the court in the dissolution proceedings had "jurisdiction" to make this relief effective immediately, that is to say on November 13, 1975. There may be a question whether the court meant to do so. If it did not, we would have to consider whether the qualifying phrase in ORS 107.115(1), "to be effective immediately," means to *authorize* such an immediate effectiveness notwithstanding the 60-day delay in the effective date of the dissolution or to *require* it. However, we construe the decree to make the transfer of the residence to Mrs. King effective immediately. Accordingly, the liens filed in Clackamas County after November 13, 1975, could not reach Mrs. King's interest in the real property. The judgment is reversed and remanded for entry of a modified decree.

Reversed and remanded.