BENNETT et al,
*Appellants,*

*v.*

BOYD,
*Respondent.*

(16-85-04407; CA A41174)

750 P2d 531

Robert L. Abel, Salem, argued the cause for appellants. On the brief was Larry J. Anderson, Eugene.

Timothy F. Brewer, Eugene, argued the cause for respondent. With him on the brief were William E. Flinn, and Flinn, Brown & Roseta, Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Plaintiffs appeal a summary judgment for defendant in a legal malpractice action. We affirm.

On June 12, 1981, plaintiffs purchased real property from the Martins by an assignment by the Martins of their purchasers' interest in a land sale contract with Brandenfels. Before their purchase, plaintiffs hired Western Pioneer Title Company of Lane County (Western) to conduct a title search and issue a preliminary title report. After the purchase, Commonwealth Land Title Insurance Company (Commonwealth) issued a title insurance policy based on the Western report.

By March, 1982, plaintiffs were delinquent on payments under the contract. In April, they were named in a foreclosure action on the property.[1] During the foreclosure, plaintiffs discovered several outstanding judgments against Brandenfels, which had been entered after the property was sold on contract to the Martins. The judgments had not been reported in the preliminary title report nor listed as exclusions in the title insurance policy.

Plaintiffs hired defendant in May to represent them in the foreclosure action and other matters. Defendant and plaintiffs discussed the possibility of filing a lawsuit against Commonwealth for failing to report the judgments against Brandenfels. In April, 1983, defendant proposed to plaintiffs that he file an action against Commonwealth on a 50 percent contingency fee basis. Plaintiffs never agreed. Defendant did not file the action and, due to plaintiffs' failure to pay his fees, withdrew, with court approval, from representing them in January, 1984. On December 13, 1984, plaintiffs filed complaints through another attorney against Commonwealth and Western, alleging breach of contract and negligence for failure to disclose existing judgments against Brandenfels. The complaints were dismissed for failure to state a claim for breach of contract and because the negligence claim was barred by the Statute of Limitations.

---

[1] The property was foreclosed pursuant to a trust deed executed by Brandenfels which named Cottage Grove Apartment Investors and Cottage Grove Income Investors as beneficiaries to secure payment of an obligation. The foreclosure action resulted in a judgment in the beneficiaries' favor. The trust deed encumbered the property at the time of plaintiffs' purchase and was listed in the title report.

Plaintiffs filed this action against defendant, alleging that he was negligent in failing to file an action against Western and Commonwealth within the statutory period. The trial court granted summary judgment for defendant, which plaintiffs assign as error.

■ Defendant argues that the summary judgment was properly granted, because the facts in the negligence case against Western and Commonwealth, as a matter of law, did not support a negligence claim. Therefore, because plaintiffs could not have prevailed in the negligence case, defendant is entitled to prevail in the malpractice case as a matter of law. We agree. In a legal malpractice claim, the client must establish, in addition to negligence, that, had the attorney not been negligent, the client would have prevailed on the underlying action. *Harding v. Bell,* 265 Or 202, 205, 508 P2d 216 (1973).

■ Western and Commonwealth were hired to search the record and to report to plaintiffs "the existence of any encumbrances, liens, clouds, or defects in the title." The unlisted judgments against Brandenfels had no effect on the title to the property and, therefore, there was no need to report them. ORS 18.350(1) provides that, from the time of docketing, a judgment "shall be a lien upon all the *real property* of the judgment debtor * * *." (Emphasis supplied.) On its face, the statute might appear to pose a risk to a buyer of real property under a land sale contract, where the seller retains record title, in the event that the seller incurs judgments that would encumber the title. However, in *Wilson v. Willamette Industries, Inc.,* 280 Or 45, 569 P2d 609 (1977), involving the effect on a purchaser of a subsequent judgment against the owner of record in a land sale contract, the court reaffirmed the holding of *Thompson et al v. Hendricks et al,* 118 Or 39, 245 P 724 (1926), that the phrase "all real property of the defendant" in ORS 18.350 is meant " 'to limit the lien to the property of the defendant only, and not to give a lien on some other person's property,' "[2] despite the fact that the judgment debtor retained record title. 280 Or at 48 *(quoting* 118 Or at 46). The court stated that it was not the intent of the legislature "to

---

[2] In addition, ORS 93.645 was enacted to address the ambiguity in ORS 18.350. It gives priority to a contract purchaser of record against a subsequent judgment against the vendor. It provides that any judgment lien against the vendor is extinguished on conveyance in fulfillment of the contract.

subject the property of an innocent purchaser for value to the lien of a judgment against a debtor who had previously conveyed all of his interest in the property in dispute to such a purchaser." 280 Or at 52; *see also United Finance v. King,* 285 Or 173, 590 P2d 228 (1979). Accordingly, none of the judgments against Brandenfels was a lien against, or otherwise affected, plaintiffs' interest in the property and, therefore, neither Western nor Commonwealth was negligent in failing to report the judgments.

Plaintiffs concede that the unreported subsequent judgments did not affect their interest in the property, but they contend that, had they been aware of the judgments, they would not have purchased the property and suffered an alleged $350,000 loss on foreclosure.[3] Arguably, if plaintiffs intended to rely on the title report for more than the condition of the title of the property, they might have had a claim had they so informed the companies. Without such information, the title companies could not, as a matter of law, have foreseen that plaintiffs intended to rely on the title report for other purposes. *See Restatement (Second) Torts,* § 552, *comment a* at 128 (1977). There is no evidence that plaintiffs informed the companies of an intended special use of the title report. Thus, the companies could not have been negligent in failing to report the judgments, because they had no reason to report judgments that did not affect the title to the property.

We conclude that there is insufficient evidence to establish that plaintiffs' claim of negligence against Western and Commonwealth underlying the malpractice claim was itself valid. Because demonstrating that they could have prevailed on the claim is an essential element of the malpractice claim, we affirm the summary judgment.[4]

Affirmed.

---

[3] Plaintiffs state that the judgments may have provided them with an "out" in a transaction about which they no longer had a good feeling.

[4] Defendant asserted a number of other grounds on which the summary judgment may be sustained. However, in view of our disposition of the case, it is unnecessary to address them.