246 P.3d 72 (2010)
240 Or. App. 96
JOHN LATTA ASSOCIATES, INC., Plaintiff-Appellant,
v.
Sergey A. VASILCHENKO, Defendant-Respondent.
060101141; A142044.
Court of Appeals of Oregon.
Submitted December 4, 2009.
Decided December 29, 2010.
*73 Thomas J. Murphy and Scott ♦ Hookland LLP filed the briefs for appellant.
Sergey A. Vasilchenko filed the brief pro se.
Before HASELTON, Presiding Judge, and ARMSTRONG, Judge, and ROSENBLUM, Judge.
ARMSTRONG, J.
Plaintiff appeals an order in which the trial court denied plaintiff's motion to authorize a sale of residential real property. Plaintiff obtained a judgment against defendant in Multnomah County in 2006 that included an award of money. Pursuant to ORS 18.150(2)(a), the judgment constituted a lien against all real property owned by defendant in Multnomah County, including a house that defendant sold to his brother after the judgment lien had attached to it. Plaintiff sought court authorization to sell the house under a writ of execution to enforce its judgment. ORS 18.904; ORS 18.906. The trial court denied plaintiff's motion on the ground that defendant's brother had purchased the house in good faith without having actual notice of plaintiff's judgment and, hence, that the brother's interest in the property was not subject to the lien of plaintiff's judgment. On appeal, plaintiff asserts that the trial court erred because defendant's brother had constructive notice of plaintiff's judgment when he bought the house and, in turn, because the good faith purchaser exception in ORS 18.165 does not apply to the brother's purchase. For the reasons explained below, we reverse and remand.
The material facts of this case are undisputed. Plaintiff sold building materials to Advanced Building Restorations LLC under a credit agreement in which defendant, as principal of Advanced Building Restorations, guaranteed payment of the account. The company stopped making payments on its account, so plaintiff sued defendant on his guaranty and obtained a default judgment against him for $12,963.67. The judgment was entered in Multnomah County in March 2006, together with a note in the trial court register that the judgment created a judgment lien. ORS 18.150(1). Pursuant to ORS 18.150(2), the judgment lien attached to defendant's real property in Multnomah County.
At the time the judgment was entered, defendant owned a house in Portland within Multnomah County. Roughly nine months later, defendant conveyed the house to his brother by a statutory warranty deed, which was recorded on December 28, 2006. In March 2008, plaintiff moved the trial court for authorization to execute against the house to satisfy its judgment. ORS 18.906. At the hearing on plaintiff's motion, defendant and his brother testified that they had not known of plaintiff's judgment when the brother purchased the house. They further testified that a bank had financed the purchase and, in that transaction, the brother had received a copy of a title report that did not disclose the existence of the judgment lien.
At the conclusion of the hearing, the trial court denied plaintiff's motion, based on a finding "that [defendant's brother] was a purchaser in good faith of [the] property." Plaintiff's counsel asked the court if it would reconsider its ruling if plaintiff offered additional evidence to establish when the lien "was put into place." The court responded:
"Well, I based my ruling * * * on my credibility finding with respect to their *74 testimony about the purchase and sale of the property without knowledge of the judgment lien. And so even with that even with other evidence I would still make my ruling based on that finding that credibility finding, and based on that legal conclusion."
Subsequently, the trial court entered a written order in accordance with its ruling, and plaintiff timely appealed.
On appeal, plaintiff argues that the trial court erred in denying its motion to authorize an execution sale of the house because defendant's brother had constructive notice of plaintiff's judgment and was not a "purchaser in good faith" under ORS 18.165(1)(a). Before exploring the merit of plaintiff's arguments, we begin by discussing the history of ORS 18.165.
The Oregon legislature enacted the Deady Code of Civil Procedure in 1862. Section 266 of the code established that circuit court judgments constitute liens on real property owned by judgment debtors, and section 268 established the priority of judgment liens in relation to unrecorded conveyances of property. See Wilson v. Willamette Industries, 280 Or. 45, 47, 569 P.2d 609 (1977) (explaining origin of the statutes). Those provisions remained essentially unchanged for some 140 years.
The two statutes were codified in 1953 as ORS 18.350 and ORS 18.370. Former ORS 18.350(1) (2001), repealed by Or. Laws 2003, ch. 576, § 580, provided that,
"from the time of docketing an original or renewed circuit court judgment as provided in ORS 18.320, such judgment shall be a lien upon all the real property of the judgment debtor within the county where the same is docketed * * *."
(Emphasis added.) In turn, former ORS 18.370 (2001), renumbered as ORS 18.165 (2003), provided that
"[a] conveyance of real property, or any portion thereof, or interest therein, shall be void as against the lien of a judgment, unless such conveyance be recorded at the time of docketing such judgment or the recording of a certified copy of the judgment or a lien record abstract as the case may be."
(Emphasis added.)[1]
In 1926, the Oregon Supreme Court was required in Thompson et al. v. Hendricks et al., 118 Or. 39, 245 P. 724 (1926), to reconcile an apparent conflict between the statutes that became ORS 18.350 and ORS 18.370. The plaintiffs had purchased real property in Multnomah County for valuable consideration. However, before they recorded their deed, a creditor of the former owner recorded in Multnomah County a record of a Marion County judgment that the creditor had earlier obtained against the former owner. The judgment creditor contended that, under the statute that became ORS 18.370, the judgment lien had attached to the plaintiffs' property notwithstanding that the judgment debtor had conveyed the property to the plaintiffs before the judgment creditor had recorded his judgment, because that statute provided that a conveyance is void as against a judgment lien "unless such conveyance be recorded at the time of [recording] such judgment," which had not happened. In other words, because the judgment was recorded before the conveyance was recorded, the plaintiffs took the property subject to the judgment. However, under the statute that became ORS 18.350, a judgment becomes a lien "upon all the real property of the [judgment debtor]" and, without regard to whether a conveyance of property has been recorded, if a judgment debtor conveys property before a judgment is recorded, then the debtor does not own the property when the judgment is recorded, and, hence, the judgment lien cannot attach to it.
The Thompson court resolved the apparent conflict between the statutes by interpreting "ORS 18.350 together with ORS 18.370 to preclude attachment of a judgment lien to the interest of an innocent purchaser for value who took but did not record his title before the lien of his vendor's judgment creditor was filed." Bedortha v. Sunridge Land Co., Inc., 312 Or. 307, 314 n. 5, 822 P.2d 694 (1991) (emphasis added). Thus, "Thompson *75 essentially carved out an exception to the usual rule that a conveyance is void against judgment liens unless the conveyance is recorded." Id.
Approximately half a century later, the Supreme Court was confronted in Wilson with the need to again interpret ORS 18.350 and ORS 18.370. In Wilson, the plaintiff had purchased real property but had failed to record the deed to the property before the defendant had obtained a judgment against the plaintiff's seller. As in Thompson, the plaintiff filed an action against the judgment creditor to quiet title to the property. Wilson, 280 Or. at 47, 569 P.2d 609. The court acknowledged that Thompson had been criticized as creating "`confusion and ambiguity'" in the recording statutes, but it nonetheless reaffirmed its prior decision and suggested that "any remaining `confusion and ambiguity' can `probably best be alleviated by new legislation.'" Id. at 50, 53, 569 P.2d 609 (quoting William E. Love, Note and Comment, Liens-Attachment, Judgment, and Execution-Effect Thereof in Oregon, 31 Or. L. Rev. 330, 346 (1952)); see also Chaffin v. Solomon, 255 Or. 141, 150, 465 P.2d 217 (1970) (O'Connell, J., specially concurring) (asserting that Thompson was wrongly decided for the reasons stated in Love's note and comment).
In 2003, ORS 18.370 was renumbered as ORS 18.165, and ORS 18.350 was repealed and a similar statute was enacted as ORS 18.150. See Or. Laws 2003, ch. 576, §§ 14, 45a, 580. In the next legislative session, the legislature responded to the long-standing invitation to reconcile the text of the two statutes by amending ORS 18.165. As amended, ORS 18.165(1) (2005) provided:
"(1) If a judgment with lien effect under ORS 18.150, 18.152 or 18.158 is entered or recorded in a county before a conveyance, or a memorandum of a conveyance, of real property of the debtor is recorded in that county, the conveyance of the judgment debtor's interest is void as against the lien of the judgment unless:
"(a) The grantee under the conveyance is a purchaser in good faith for a valuable consideration and the conveyance or memorandum of the conveyance is recorded within 20 days after delivery and acceptance of the conveyance, excluding Saturdays and legal holidays under ORS 187.010 and 187.020;
"(b) The judgment creditor has actual notice, record notice or inquiry notice of a conveyance to a grantee when the judgment is entered or recorded in the county;
"(c) The conveyance is a fulfillment deed entitled to priority over the judgment under ORS 93.645; or
"(d) The conveyance is a mortgage, trust deed or other security instrument given to secure financing for the purchase of the real property described in the conveyance."
(Emphasis added.)
The 2005 amendments to ORS 18.165 originated with the Judgments Work Group (work group), which was assembled by the Oregon Law Commission to propose "corrections and clarifications" for the legislature to consider to address problems arising from the "massive revision of judgment laws" that the legislature had made in 2003. Testimony, House Committee on Judiciary, Subcommittee on Civil Law, HB 2359, Apr. 20, 2005, Ex G at 2 (Judgments Work Group HB 2359 Report) (hereinafter OLC Judgments Report). According to the work group, "ORS 18.165[was] not consistent with the statute's interpretation by the Oregon Supreme Court. See Chaffin v. Solomon, 255 Or. 141, 465 P.2d 217 (1970), Wilson v. Willamette Industries, 280 Or. 45, 569 P.2d 609 (1977), and Bedortha v. Sunridge Land Company, Inc., 312 Or. 307, 822 P.2d 694 (1991)." OLC Judgments Report at 8. The work group explained that, under the 2005 amendments to ORS 18.165, it would be made clear that
"a judgment lien on particular real property will generally have priority over a prior conveyance of that real property unless that conveyance was recorded before the judgment's lien arose.
"There are four exceptions to this general rule:
"1. If the grantee is a purchaser in good faith for valuable consideration and records the conveyance document within 20 days of the conveyance, the conveyance *76 grantee will have priority over the judgment creditor. The phrase `purchaser in good faith for valuable consideration' has the same meaning for this statute as it does for ORS 93.640, the statute generally describing the effect of unrecorded instruments.
"2. If the judgment creditor has actual notice, record notice, or inquiry notice of the conveyance, when the judgment is entered or recorded to create the judgment lien, the conveyance grantee will have priority over the judgment creditor. The inquiry standard created by this section is the same as that which exists under ORS 93.640 for determining the `good faith' of a purchaser. Thus, to the same extent that a purchaser of real property would have an inquiry duty to maintain status as a `purchaser in good faith,' the judgment creditor has the same inquiry duty.
"3. When ORS 93.645 establishes that the rights of a purchaser under a land sale contract have priority over the lien of a judgment creditor, the fulfillment deed delivered to the purchaser will also have priority over the judgment lien. For example: A sells Blackacre to B using a land sale contract. B records the land sale contract. C then obtains a judgment against A. Under ORS 93.645, when the purchaser has fully performed in accordance with the contract, the fulfillment deed delivered to purchaser B has priority over the judgment lien of creditor C and has the effect of extinguishing the lien against the property. This subsection makes clear that the result is not changed by this section.
"4. The fourth exception codifies the general rule that purchase money security interests have priority over other interests. * * *"
OLC Judgments Report at 8-9 (emphasis added).
As that legislative history demonstrates, the 2005 amendments to ORS 18.165(1)(a) were intended to clarify how to determine relative priority in a particular circumstance: where a person obtains an interest in real property in good faith and for valuable consideration but fails to record that interest before a judgment becomes a lien against the previous owner's real property. However, at first blush, the text of ORS 18.165(1)(a) (2005) could conceivably be misunderstood to provide that a person who obtains an interest in real property in good faith and for valuable consideration could avoid a judgment lien against the property regardless of whether the interest in the property was conveyed before or after the judgment lien attached to the property.
In response to that potential misunderstanding of the statute, the legislature amended ORS 18.165 again in 2007. Or. Laws 2007, ch. 166, § 1. The 2007 amendment added the following emphasized language to ORS 18.165(1)(a):
"(1) If a judgment with lien effect under ORS 18.150, 18.152 or 18.158 is entered or recorded in a county before a conveyance, or a memorandum of a conveyance, of real property of the debtor is recorded in that county, the conveyance of the judgment debtor's interest is void as against the lien of the judgment unless:
"(a) The grantee under the conveyance is a purchaser in good faith for a valuable consideration, the conveyance is delivered and accepted before the judgment is entered or recorded in the county where the property is located and the conveyance or memorandum of the conveyance is recorded within 20 days after delivery and acceptance of the conveyance, excluding Saturdays and legal holidays under ORS 187.010 and 187.020[.]"
(Emphasis added.)
At a hearing on the proposed amendment, Legislative Counsel David Heynderickx explained that the 2007 amendment provided a "very important clarification" because
"[t]here [were] still some issues about whether or not the language adequately reflected the fact that the general rule would be that if * * * you've got a deed or contract of sale, you better record it if you want to protect your interest against a judgment that comes against that property. And the language that we've added in that section will make that very clear that that's what was intended. That's what *77 we think it said, but we'll eliminate any question on those points."
Audio Recording, Senate Committee on Judiciary, SB 322, Feb. 27, 2007, at 45:35 (statement of David Heynderickx), http://www.leg. state.or.us/listn/ (accessed Dec. 16, 2010). Thus, the legislative history indicates that the legislature amended ORS 18.165(1)(a) in 2007 to clarify the statute, not to change its effect.
On appeal, plaintiff relies on the 2007 version of ORS 18.165(1)(a), which explicitly requires that, in order to qualify for the good faith purchaser exception, the conveyance by which the purchaser acquires the property must be "delivered and accepted before the judgment is entered or recorded in the county where the property is located." (Emphasis added.) Under that version of the statute, plaintiff would unquestionably prevail because defendant conveyed title to the house to his brother after plaintiff's judgment was entered. However, the conveyance occurred in 2006, that is, before the 2007 amendment took effect. Accordingly, ORS 18.165(1)(a) (2005) applies to this case, and, hence, we must determine whether, under that version of the statute, the trial court correctly determined that defendant's brother had acquired the house free of the lien of plaintiff's judgment.
As the legislative history reveals, ORS 18.165(1)(a) (2005) was intended to address only transactions that occur before a judgment is entered and becomes a lien on real property and not to provide redress for a person who purchases property after the judgment lien has attached to it. Nonetheless, the text of the 2005 version of the statute provides that a person can acquire an interest in real property unburdened by a judgment lien if two elements are satisfied: (1) the person acquiring the interest is a purchaser in good faith for valuable consideration and (2) the conveyance is recorded within 20 days after delivery and acceptance of the conveyance. Thus, the statute does not expressly limit the applicability of the good faith purchaser exception to those who acquire an interest in real property before a judgment lien attaches to the property. Nonetheless, we conclude that ORS 18.165(1)(a) (2005) does, in fact, limit the good faith purchaser exception to those who acquire an interest in real property before the judgment lien at issue has attached to the property.
To qualify as a purchaser in good faith under ORS 18.165(1)(a) (2005), the purchaser must have paid for and acquired the interest in real property without knowledge or notice of the existing judgment lien and must record the conveyance within 20 days after the conveyance is delivered and accepted. Compare Akins v. Vermast, 150 Or.App. 236, 241, 945 P.2d 640 (explaining operation of good faith purchaser exception under ORS 93.640), adh'd to on recons., 151 Or.App. 430, 950 P.2d 907 (1997), with OLC Judgments Report at 8 (explaining that "[t]he phrase `purchaser in good faith for valuable consideration' has the same meaning for [ORS 18.165(1)(a)] as it does for ORS 93.640"). However, "[t]he notice that will deprive the grantee under a subsequently recorded deed of priority can be either actual or constructive." Gorzeman v. Thompson, 162 Or.App. 84, 93, 986 P.2d 29 (1999). Constructive notice encompasses both notice chargeable under the recording statutes and inquiry notice. See id. And, in a case such as the one presented here, "[t]he docketing of the judgment gives constructive notice of the lien against the property." Franklin v. Spencer, 309 Or. 476, 480, 789 P.2d 643 (1990) (citing ORS 93.643(2)). It follows that, under ORS 18.165(1)(a) (2005), if a purchaser obtains an interest in real property after a judgment has been entered and becomes a lien on the property, the purchaser is charged with constructive notice of the lien and, therefore, cannot qualify as a purchaser in good faith as against the lien. Thus, ORS 18.165(1)(a) (2005) functions the same way that the current version of the statute operates because both ultimately require that good faith purchasers obtain their interest in real property before a judgment lien attaches to their vendor's interest in the property.
Here, because plaintiff's judgment was entered in Multnomah County before defendant conveyed the house to his brother, defendant's brother is charged with constructive notice of plaintiff's judgment as a lien *78 against the house. It does not matter that the title report that the brother received did not identify plaintiff's judgment as a lien against the house and that the brother purchased the house honestly believing that his interest in it was not subject to the lien. Plaintiff's judgment was entered and became a lien against defendant's real property in Multnomah County before defendant's brother purchased the house from defendant, and, therefore, defendant's brother cannot qualify as a purchaser in good faith without notice of the judgment lien. See Partlow v. Clark, 60 Or.App. 237, 244-45, 653 P.2d 568 (1982) (noting that "the judgment docket is a public record which gives constructive notice to the world" and subsequent purchasers of the property "take[ ] the property subject to that judgment lien"), aff'd, 295 Or. 778, 671 P.2d 103 (1983). Accordingly, the trial court erred in concluding that defendant's brother was a purchaser in good faith under ORS 18.165(1)(a) (2005) and in denying plaintiff's motion for an order authorizing an execution sale of the house to satisfy plaintiff's judgment.
Reversed and remanded.
NOTES
[1] All references to ORS 18.350 and ORS 18.370 are to the 2001 versions of them, that is, to the versions in effect when the statutes were, respectively, repealed and renumbered.