Argued November 14; reversed December 20, 1946; rehearing
denied March 25, 1947

# PARROTT *v.* HANSON
(175 P. (2d) 169)

*K. C. Tanner,* of Portland (Tanner & Clark, of Portland, on brief), for appellant.

*George P. Winslow,* of Tillamook, for respondent.

Before ROSSMAN, Acting Chief Justice, and BAILEY, BRAND, HAY and KELLY, Justices.

REVERSED AND REMANDED. REHEARING DENIED.

KELLY, J.

This is an action to recover damages for personal injuries sustained by plaintiff while an employe of defendant. From a judgment in favor of plaintiff in the sum of $450.00, together with his costs and disbursements, plaintiff appeals.

The defendant at the time of the accident was operating a power-driven caterpillar tractor which was used by him in his logging operations. On the side of the tractor was a drum to which a cable could be fastened for drawing in logs from the woods. At the time of the accident the plaintiff was attempting to fasten one end of a cable five-eighths of an inch in diameter to the drum. To accomplish this, the defendant directed the plaintiff to place a timber hitch around the drum. The testimony is in dispute as to whether, while attempting to comply with defendant's direction, plaintiff gave defendant a signal to start the revolution of the drum upon the tractor. The defendant testified that after plaintiff had made the attempt to comply with defendant's direction to place a timber hitch on the drum, plaintiff signalled to defendant to cause the drum to revolve. Plaintiff denies having given such direction.

Defendant testified that while the drum was revolving plaintiff took a stick from the ground and thrust it between the cable and the drum. Plaintiff denied having done so and testified that, as he was attempting to complete the timber hitch, his glove caught in the cable strands and the revolving drum drew his arm over and around it thereby straining and stretching his hand, arm, neck, chest, back and shoulder.

A jury was empanelled, but in the plaintiff's testimony, the matter of defendant's insurance was mentioned and a mistrial was asked. The court discharged the jury and by stipulation the trial proceeded and was concluded without a jury.

Four assignments of error are urged by plaintiff. Of these, the first two are so interrelated that we will consider them together.

By assignment No. 1, plaintiff contends that the court erred in making the following finding of fact:

"That plaintiff was guilty of negligence contributing to the accident by inserting a stick under the cable while the drum was in motion. That the negligence of the plaintiff was equal to the negligence of the defendant."

By assignment No. 2, plaintiff contends that error was committed in making the following conclusion of law:

"That the negligence of the plaintiff contributing to his injuries should reduce his recovery one-half."

A consideration of the testimony which, as stated, is conflicting, convinces us that there is substantial testimony supporting the trial court's finding that plaintiff was guilty of contributory negligence and we

would not be warranted in intruding a contrary finding thereupon. As to the amount of the reduction which should be made from the amount of damages to which the plaintiff would have been entitled, if he himself had not been contributorily negligent, we think no good purpose would be served by a determination thereof on this appeal.

■ The question that is impressively presented by plaintiff is whether or not, under the circumstances of this case, where no claim is made that the defendant was operating his logging business under the provisions of the Workmen's Compensation Law, the doctrine of comparative negligence is applicable. This court has held that it is applicable and when applied has the effect to mitigate the damages which otherwise would be awarded to plaintiff. *Eckhardt v. Jones' Market,* 105 Or. 204, 209 P. 470; *Camenzind v. Freeland Furniture Co.,* 89 Or. 158, 174 P. 139.

■ The Camenzind case was decided by this court on June 18, 1918. Its doctrine in the respect here considered has been applied all through the ensuing years by the trial courts of this jurisdiction and by this court. We think that it should not now be overruled in that respect. Succeeding legislatures have refrained from modifying by amendment or repeal the effect of this court's construction of the clause in the Workmen's Compensation Law withholding from an employer, who has rejected the act, a defense based upon the contributory negligence of the employe.

Moreover, the application of the doctrine of comparative negligence is more just than a denial of it, for by applying it the injured workman, who himself is contributorily negligent, is not awarded the same

measure of compensation as one who is injured by the negligence of his employer, but who himself is not in any respect negligent or at fault.

Assignment of error No. 3 charges error upon the part of the trial court in making the following finding of fact and conclusion of law:

Finding of fact:
"That as the proximate result of said negligence of defendant the plaintiff received injuries to his left arm, thumb, hand, shoulders, back and chest, amounting to a permanent partial disability equal to 20% of the loss of the function of an arm as fixed and measured by the Workmen's Compensation Act of Oregon."

Conclusion of law:
"That plaintiff received personal injuries to his damage in the sum of $480.00."

In his memorandum opinion, which is part of the record before us, the learned trial judge in referring to plaintiff's permanent partial disability caused by the accident in suit said:
"The only medical testimony was to the effect that he had suffered a permanent partial disability, equal to that of 20% of the loss of function of an arm, which under the rates fixed by the State Industrial Accident Commission Law would amount to $480.00."

The concluding paragraph of his memorandum opinion is as follows:
"The court feels that an allowance of $420.00 would fully cover his loss of time by reason of his injuries; this added to the $480.00 would make a

total damage of $900.00. Since he was equally responsible for his injuries he would be required under the statute to stand one-half of this amount, or $450.00, and he may have a judgment against defendant for $450.00.''

■ We are unable to come to any conclusion other than that the trial court applied the rate fixed by the Workmen's Compensation Law as the measure of damages in making his award to plaintiff for his permanent disability. This we are constrained to hold was error.

The fourth assignment of error is based upon the trial court's failure to make a finding of fact with regard to plaintiff's pain and suffering as the result of the accident in suit.

■ We feel that it is unnecessary to consider this assignment further than to voice the well known principle that pain and suffering proximately caused by the negligence of a defendant in a personal injury case are proper elements of recoverable damage.

For the error in substituting the rate fixed by the Workmen's Compensation Law for the proper measure of damages, the judgment of the circuit court is reversed and this cause is remanded for such further proceedings as are not inconsistent herewith.