McINTIRE, *Respondent,*
*v.*
GRAY, *Appellant.*
(No. 96-307, CA 11453)

593 P2d 1273

Michael A. Lehner, Portland, argued the cause for appellant. With him on the briefs were Bruce L. Mowery, and Hershiser, Mitchell, Mowery & Davis, Portland.

Stephen A. Moen, Portland, argued the cause and filed a brief for respondent.

Before Schwab, Chief Judge, and Thornton, Lee, and Gillette, Judges, and Howell, Judge pro tempore.

HOWELL, J., pro tempore.

**HOWELL, J.** pro tempore.

Plaintiff was injured as a result of defendant's negligent operation of his automobile. Plaintiff's insurer paid plaintiff's medical expenses and reimbursed her for lost wages under coverage required by ORS 743.800-.835 (PIP benefits). Plaintiff's insurer was reimbursed for some of these payments by defendant's insurer pursuant to ORS 743.825. Plaintiff then filed this personal injury action against defendant.

In her original complaint, plaintiff sought both general damages and special damages for lost wages and medical expenses. On the morning of trial, plaintiff withdrew her request for special damages. The jury returned a verdict for plaintiff for $12,500 general damages. Defendant objected to the form of judgment for $12,500 "on the ground that said judgment has not been reduced by the amount of defendant's advance payments * * *."

The issue is whether ORS 743.835 requires the trial court to deduct payments made by defendant's insurer to plaintiff's insurer from plaintiff's judgment for general damages.[1] ORS 743.835, as of the date of the accident,[2] provided:

> "Payment of any [PIP] benefit * * * to * * * any insured * * * shall be applied in reduction of the amount of damage that the insured may be entitled to recover from any insurer under bodily liability or uninsured motorist coverage for the same accident."

Defendant claims the language used in the statute is clear and compels us to hold that the trial court erred in refusing to reduce the amount of plaintiff's

---

[1] The parties apparently agree that the provisions of ORS 18.510 are inapplicable in this case because the relevant amendments to that statute did not go into effect until after the date of the accident. We shall assume for purposes of this opinion that the parties are correct on this point. We shall also restrict our analysis to the language of ORS 743.835 because that is the only statute on which defendant relies.

[2] ORS 743.835 was amended by 1975 Or Laws ch 784. The parties agree, and we will assume, that the pre-1975 version of ORS 743.835 applies in this case. *See* note 1, supra.

judgment. We do not agree that the language is as clear as defendant claims. Read literally, the statute does not require reduction of damages *actually* recovered, but only reduction of damages that the insured *may be entitled* to recover. In the present case, plaintiff was entitled to recover damages in addition to those she actually recovered, but voluntarily reduced her claim prior to trial. In effect, then, the PIP payments plaintiff received actually have been applied in reduction of the damages she was *entitled* to recover.

■ It is also worth noting that ORS 743.835 uses the word "damage," while ORS 743.830, which governs the subrogation rights of the claimant's own insurer when the tortfeasor is uninsured, uses the term "settlement or judgment."[3] It appears to us that under ORS 743.830, the claimant is subject to reduction of his "settlement or judgment" by the amount of PIP bene-

---

[3] ORS 743.830, as of the date of the accident, provided:

"If an insurer has paid benefits required by ORS 743.800 or a health insurer or health care service contractor has furnished benefits to a claimant injured by a person who is not covered by a motor vehicle liability policy issued by an insurer authorized to issue such policies in this state:

"(1) The insurer or contractor shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of the claimant against any motorist legally responsible for the bodily injury because of which such payment is made;

"(2) The claimant shall hold in trust for the benefit of the insurer or contractor all rights of recovery which he shall have against such person, but only to the extent that such claim is made or paid herein;

"(3) The claimant shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights;

"(4) If requested in writing by the insurer or contractor, the claimant shall take, through any representative not in conflict in interest with the claimant, designated by the insurer or contractor, such action as may be necessary or appropriate to recover such payment as damages from such person, such action to be taken in the name of the claimant, but only to the extent of the payment made by the insured or contractor. In the event of a recovery, the insurer or contractor shall be reimbursed out of such recovery for expenses, costs and attorney fees incurred by it in connection therewith; and

"(5) The claimant shall execute and deliver to the insurer or contractor such instruments and papers as may be appropriate to secure the rights and obligations of the claimant and the insurer or contractor established by this provision."

fits paid by his own insurer regardless of whether he requests special damages if the other party is uninsured. On the other hand, under ORS 743.835, the claimant is subject only to a reduction of the "amount of damage [he] may be entitled to recover" if he recovers the type of damages specified in ORS 743.800, i.e., special damages.

■ We cannot agree with the position taken by defendant that a verdict for general damages must be reduced by PIP payments made. General damages are designed to compensate an injured plaintiff for pain and suffering and the like. They are damages that the plaintiff has incurred over and above those quantifiable damages such as lost wages and medical expenses. *Parrott v. Hanson*, 180 Or 620, 175 P2d 169 (1947); D. Dobbs, Remedies § 3.2 (1973). PIP payments, on the other hand, are intended to compensate an injured party for out-of-pocket expenses and were never intended as a substitute for general damages.

■ To adopt defendant's theory would result in a windfall for defendant and his insurer. The jury found that plaintiff had suffered $12,500 general damages. The $7,568.13 defendant's insurer paid to plaintiff's insurer constituted reimbursement for payments to plaintiff that could have been recovered as special damages had plaintiff sought them. Plaintiff's damages therefore totalled at least $19,568.13,[4] and since no claim of comparative fault is made, defendant and his insurer were liable for that full amount. Defendant now seeks to limit the amount plaintiff may recover to $12,500 total simply because plaintiff accepted advance PIP payments for which defendant's insurer reimbursed plaintiff's insurer.

■ Defendant claims that to allow a plaintiff to withdraw a claim for special damages and thereby avoid

---

[4] As the trial judge observed, it appears that plaintiff's total damages actually exceeded this amount because the $7,568.13 defendant's insurer has paid represents only 80 per cent of plaintiff's actual special damages. The reason for this does not appear in the record.

[865]

the set-off provisions of ORS 743.800 et seq. will permit plaintiffs to "make inflated recoveries by pleading and proving special damages [and] waiting until the end of trial to withdraw those claims from the case." Defendant suggests that in such cases, juries will "most likely award the proven special damages as general damages." The solution to this problem, if it is a problem, is to request that the trial court instruct the jury that medical expenses and lost wages are not to be considered as elements of damages. In such cases, as in any case, we must assume that the jury will follow the trial court's instructions.

Affirmed.